CHARLES C. WARREN *vs.* PATRICK BOWDRAN.

Middlesex.    January 13, 1892. — May 9, 1892.

Present: FIELD, C. J., ALLEN, KNOWLTON, MORTON, & LATHROP, JJ.

*Special Finding of Jury — Adverse Possession — Admission — Purchase of Outstanding Claim of Title.*

A writ of entry to recover a parcel of land will not lie under the Pub. Sts. c. 196, § 1, if neither the demandant nor his predecessor in title was seised or possessed of the demanded premises within twenty years from the date of the writ; and the fact that the defendant did not honestly believe that he had title to the land is immaterial.

The evidence was conflicting whether or not, about four or five years before the bringing of a writ of entry to recover a parcel of land, the tenant offered to

purchase the land of the demandant's predecessor. *Held*, that the judge rightly
left to the jury what the conversation was, and instructed them that the mere
attempt to purchase by the tenant would not be decisive against his claim, as
his motive may have been to pay something to avoid litigation on account
of some doubt he may have had as to the validity of his title; but if the con-
versation was an admission that he had and claimed no title to the land, then it
was important evidence, as tending to show that his possession during the twenty
years was not adverse.

A person in possession of land, claiming ownership, may purchase an outstanding
claim of title from a third person, without abandoning or impairing his own
title by adverse possession.

LATHROP, J.    This is a writ of entry, dated April 9, 1890, to
recover a strip of land on Maple Street, in Somerville. The
demanded premises and the adjoining lands were, in 1866, owned
by one Hadley. In May of that year Hadley conveyed to the
tenant a lot of land on Maple Street which did not include the
demanded premises. In May, 1868, Hadley conveyed to one
Lane, the demandant's predecessor in title, a lot of land on
Maple Street, by a deed which described the land as bounded
on one side by the land of the tenant, and on the opposite side
by the land of one Connors.

It was admitted that in 1868, and soon after the conveyance
to Lane, the tenant built a fence extending from Maple Street
along the southeasterly line of the demanded premises to the
boundary line in the rear, and thence along the rear line and
the rear line of the land conveyed to him by Hadley. This
fence was maintained by the tenant from that time until the
bringing of the writ in this case, a period of more than twenty
years.

There was evidence that, before Hadley conveyed to Lane, he
pointed out to the tenant the line on which the fence was after-
wards built. But this evidence was contradicted, and we must
assume, for the purposes of this decision, that, by building the
fence, the tenant enclosed land which had been conveyed to
Lane. At the time the fence was built Lane was the owner and
occupant of the land conveyed to him by Hadley, and he testi-
fied that he objected to the line upon which the tenant put the
fence; that "there was a wordy dispute over the matter, but
the tenant insisted, and put the fence on the line where it
has ever since been maintained." This testimony was uncon-
tradicted.

The jury returned a general verdict for the tenant; but found specially that, at the time the tenant built the fence, he did not honestly believe that by the deed of Hadley he acquired a title to the land up to the line of the fence.

The principal question which has been argued is that involved in the special finding of the jury, namely, whether the taking possession of another man's land, with intent to make it the taker's land by twenty years' possession, will constitute a claim of title. Under the instructions of the court, the jury must have found by their general verdict that the tenant's possession of the demanded premises was adverse, and not permissive; that it was actual; that it was visible, notorious, and exclusive ; that it was continuous, and was under a claim of title. These terms were also fully explained to the jury. It is difficult to see how the fact that the tenant did not honestly believe that he had title to the land enclosed has any material bearing on the case.

The Pub. Sts. c. 196, § 1, provide that " No person shall commence an action for the recovery of lands, nor make an entry thereon, unless within twenty years after the right to bring such action or to make such entry first accrued, or within twenty years after he, or those from, by, or under whom he claims, have been seised or possessed of the premises, except as is hereinafter provided." The subsequent sections contain various exceptions to this general rule, but none of them applies to the case at bar. Neither the demandant nor his predecessor in title was seised or possessed of the premises within twenty years from the date of the writ.

The principal case on which the demandant relies is *Livingston* v. *Peru Iron Co.* 9 Wend. 511. But this was not a case under the statute of limitations, but under the New York champerty act, which provides that " Every grant of lands shall be absolutely void if at the time of the delivery thereof such lands shall be in possession of a person claiming under a title adverse to that of the grantor." In that case the defendant claimed to be in adverse possession of land under a deed, and contended that, while his possession continued, his grantor could not convey the land to the plaintiff. The defendant had no actual possession, and the deed to him was proved to have been obtained by fraud. The point decided was that no such con-

structive possession in the defendant had been established as disqualified his grantor from conveying the land to the plaintiff.

On the other hand, it was expressly decided, in the case of *Humbert* v. *Trinity Church*, 24 Wend. 587, that neither fraud in obtaining or continuing possession of land, nor knowledge on the part of the tenant that his claim is unfounded, wrongful, and fraudulent, will excuse the not bringing an action within the time allowed by the statute of limitations. See also *Crary* v. *Goodman*, 22 N. Y. 170.

Hadley, who was called as a witness by the demandant, testified that in 1884 or 1885 he first learned that the tenant had enclosed by the fence land which did not pass to him by his deed; that he then notified the tenant to remove the fence, and had negotiations with him in regard to selling the demanded premises to the tenant, and that the tenant offered to buy the land, and made no claim of title thereto. The tenant admitted that he had a conversation with Hadley about the land, and that Hadley offered to sell it, but denied that he made any offer to buy the land, or that Hadley notified him to remove the fence. The demandant asked the judge to instruct the jury that, if they believed that the tenant offered to purchase said strip, this was fatal to the tenant's claim of title. The judge left to the jury the question what the conversation was, and instructed them that, if the tenant did attempt to buy the land of Hadley, it would not be decisive against the claim he now asserted; that it might be that, having some doubt as to the validity of his title, he was willing to pay something for the land to avoid litigation; and if that was his motive, and he made an offer for the land, that fact would not conclusively show that he had not a title upon which he could stand in this action; but if the conversation was in fact an admission by the tenant that he had no title to the land, and that he claimed no lawful title, then it was evidence of great importance as tending to show that his possession during the twenty years was not an adverse possession.

These instructions were certainly sufficiently favorable to the demandant. In 1884 and 1885 Hadley had no title to the premises. There was no evidence of any offer made to the demandant or to his immediate predecessor in title. A person in possession of land claiming ownership may purchase an out-

standing claim of title from a third person without abandoning or impairing his own title by adverse possession. *Blight* v. *Rochester*, 7 Wheat. 535. *Jackson* v. *Given*, 8 Johns. 137. *Jackson* v. *Smith*, 13 Johns. 406. *Chapin* v. *Hunt*, 40 Mich. 595.

We find nothing else in the demandant's exceptions which requires any comment. *Exceptions overruled.*

*C. H. Hudson*, for the demandant.

*C. J. McIntire*, for the tenant.