MORRISON, APPELLANT, *v.* LINN ET AL., RESPONDENTS.

(No. 3,486.)

(Submitted February 13, 1915.   Decided March 12, 1915.)

[147 Pac. 166.]

*Adverse Possession—Payment of Taxes—"Color of Title"— "Claim of Title"—Distinction—Extent of Right Acquired— Constructive Possession.*

Adverse Possession—How Title may be Acquired.
  1.   Title to land may be acquired, as against one having the record title, by holding adverse possession thereof for the period of the statute of limitations, even though the claim was initiated by a naked trespass.

  [As to the essentials of adverse possession, see notes in 28 Am. St. Rep. 158; 88 Am. St. Rep. 701.]

Same—Payment of Taxes.
  2.   Payment of taxes is not an element of adverse possession, unless made so by statutory requirement.

Same—Holding Under "Color of Title"—Definition.
  3.   One holding land under a written instrument, a statute, or a judgment or decree of court, which appears to convey to or confirm title in him, but does not do so in fact, holds under "color of title."

  [As to what amounts to color of title sufficient to sustain adverse possession, see notes in 14 Am. Dec. 580; 88 Am. St. Rep. 701.]

Same—Holding Under "Claim of Title"—Definition.
  4.   Adverse possession of land under "claim of title" *held* to mean the claim asserted by the disseisor of his intention to appropriate and use the land as his own, to the exclusion of the rights of all persons, irrespective of any color, right or title as the foundation of his claim.

Same—Extent of Right Acquired—Constructive Possession.
  5.   A claimant of land by adverse possession under color of title for the statutory period obtains title to the entire tract described in his muniment; but one relying upon claim of title secures only so much of the land as he actually possesses, there being no constructive possession under mere claim of title.

*Appeal from District Court, Custer County; C. C. Hurley, Judge.*

ACTION by R. C. Morrison against Samuel H. Linn, Gertrude Coleman and another. Judgment for defendants, and plaintiff appeals from it and an order denying his motion for new trial. Reversed and remanded with directions to enter a decree in favor of plaintiff.

*Mr. Frank Hunter,* for Appellant, submitted a brief and argued the cause orally.

The nonpayment of taxes by one in possession of land is insufficient in itself to show the holding was not adverse when such adverse holding is clearly shown by competent evidence. *(Johnson* v. *Conner,* 48 Wash. 431, 93 Pac. 914.) The payment of taxes by a person in possession of land is not necessary in order that the possession may ripen into title. (*Silverstone* v. *Hanley,* 55 Wash. 458, 104 Pac. 767.) In a suit to recover land, defendant could avail himself of the statute of limitations, though he had not paid the taxes on the land during the running thereof. (*Anderson* v. *Canter,* 10 Kan. App. 167, 63 Pac. 285; see, also, *Brose* v. *Boise City Ry. & T. Co.,* 5 Idaho, 694, 51 Pac. 753; *Rydalch* v. *Anderson,* 37 Utah, 99, 107 Pac. 25; *Strong* v. *Baldwin,* 154 Cal. 150, 129 Am. St. Rep. 149, 97 Pac. 178; *Lucas* v. *Provines,* 130 Cal. 270, 62 Pac. 509.) The payment of taxes on land by one claiming adversely under color of title cannot aid his claim, where the owner of the legal title also paid taxes on the land for the same years. (*Northern Pac. Ry. Co.* v. *Littlejohn,* 198 Fed. 700.)

"Claim of title" is where one enters and occupies land, with the intent to hold it as his own, against the world, irrespective of any shadow or color of right or title as a foundation for his claim. (*Carpenter* v. *Coles,* 75 Minn. 9, 77 N. W. 424; *Crowder* v. *Doe,* 162 Ala. 151, 136 Am. St. Rep. 17, 50 South. 230.)

Adverse possession embraces four essential points: (1) The possession must be adverse and with an intent to disseise;

(2) the possession must be actual or constructive; (3) the possession must be open and notorious; and (4) the possession must be exclusive and continuous for the statutory period. (1 Am. & Eng. Ency. Law, 2d ed., 789.)   The trial court found all these things in favor of plaintiff, but withheld judgment because it conceived that a squatter or a naked possessor could not establish title in himself by adverse possession.   The findings do not support the conclusions of law and the judgment as rendered; they do plainly support the opposite conclusion, and the judgment should have been for the plaintiff quieting title in him.   In support thereof the appellant invites the court's attention to these decisions: *Monnot* v. *Murphy*, 207 N. Y. 240, 100 N. E. 742; *Baugher* v. *Boley,* 63 Fla. 75, 87, 58 South. 980; *Swope* v. *Ward,* 185 Mo. 316, 84 S. W. 895; *Wilkerson* v. *Eilers,* 114 Mo. 245, 21 S. W. 514; *Campbell* v. *Brown* (Mo. App.), 130 S. W. 50; *Gardner* v. *Wright,* 49 Or. 609, 91 Pac. 286.

The case of *Carpenter* v. *Coles,* 75 Minn. 9, 77 N. W. 424, bears out the appellant's contention, and likewise the following: *Webber* v. *Clarke,* 74 Cal. 11, 15 Pac. 431; *Mauldin* v. *Cox,* 67 Cal. 387, 7 Pac. 804; *Baldwin* v. *Durfee,* 116 Cal. 625, 48 Pac. 724; *Lyons* v. *Stroud,* 257 Ill. 350, 100 N. E. 973; *Craven* v. *Craven* (Ind.), 103 N. E. 333, 334; *Ward* v. *Nestell,* 113 Mich. 185, 71 N. W. 593; *Warren* v. *Bowdran,* 156 Mass. 280, 31 N. E. 300; *Pendo* v. *Beakey,* 15 S. D. 344, 89 N. W. 655; *Cerveny* v. *Thurston,* 59 Neb. 343, 80 N. W. 1048; *Foulke* v. *Bond,* 41 N. J. L. 527; *Yetzer* v. *Thoman,* 17 Ohio St. 130, 91 Am. Dec. 122; *Jangraw* v. *Mee,* 75 Vt. 211, 98 Am. St. Rep. 816, 54 Atl. 189; *Ovig* v. *Morrison,* 142 Wis. 243, 125 N. W. 449.

*Messrs. Farr & Herrick,* for Respondents, submitted a brief; *Mr. Geo. W. Farr* argued the cause orally.

An examination of the cases cited by appellant will disclose that they are not in point with the case at bar, and that in each case there are facts which are not applicable to the case at bar. A claim of title is defined as a claim having some appearance of legality, not a mere prior claim without the appearance or

pretense of anything to base it upon. (7 Cyc. 183.) It is evident from Morrison's own testimony that he did not claim any right whatsoever to the land. It is therefore evident that the principal element of adverse possession is lacking. While color is, as a general rule, not necessary to the acquisition of title by adverse possession, claim of title or right by occupancy is in all cases necessary. (1 Cyc. 1028.) In the case of *Peter* v. *Stephens,* 11 Mont. 115, 28 Am. St. Rep. 448, 27 Pac. 403, the court held, in commenting upon certain instructions given relative to the question of adverse possession: "Their purport was that if the plaintiff's title was found to be the paramount title and any of the defendants entered upon and took possession of the land without title or claim or color of title, that such occupancy was not adverse to the title of the plaintiff but subservient thereto. We think this law is too well settled to enter argument to sustain it. Where there is no claim of right the possession cannot be adverse to the true title." In the case of *Thompson* v. *Felton,* 54 Cal. 547, the court holds that there must, to constitute adverse possession, not only be actual occupancy of the land in question, but also a claim of title hostile to that of the true owner. This contention of the respondent is also supported by the following authorities: *Chapman* v. *Dean,* 58 Or. 475, 115 Pac. 154; *Ramsey* v. *Wilson,* 52 Wash. 111, 100 Pac. 177; *Doe* v. *Eslava,* 11 Ala. 1028; *Thompson* v. *Pioche,* 44 Cal. 508; *Chicago etc. Ry. Co.* v. *Galt,* 133 Ill. 657, 23 N. E. 425, 24 N. E. 674; *Maple* v. *Stevenson,* 122 Ind. 368, 23 N. E. 854.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

In 1912 this action was brought to have determined the conflicting claims to lot 5, in section 28, township 8 north, range 47 east, in Custer county, Montana. In his complaint plaintiff alleges that for more than ten years prior to the commencement of the action he was in the actual, open, notorious, continuous, exclusive and adverse possession of the land under claim of title thereto. The answering defendant Samuel H. Linn asserts that

he and his codefendant Gertrude Coleman hold the legal title to the land; otherwise the answer is a general denial of the allegations of the complaint. The trial court found that in 1900 plaintiff took possession of the land and erected certain fences, which, with natural barriers, constituted a substantial inclosure of the tract; that since the date of his entry, plaintiff has been in "continuous, open, notorious and actual, peaceable and exclusive possession of lot 5"; that at the time he went into possession he knew the land was owned by someone else; that he never paid any taxes upon the property, but all taxes were paid by defendant Linn. The court's findings further recite: "There is no evidence introduced showing that at the time the plaintiff took possession of said lot 5 he had any claim of title, or made any pretense of having title, to said lot. Under these circumstances, the court is unable to conceive of any theory upon which the plaintiff held possession of said premises under a claim of title exclusive of any other right as provided in section 6438 of the Revised Codes." In conclusion, the court determined that: "Plaintiff has acquired no right, interest or title in or to the said lot 5 adverse to, or superior to, the title of the said defendant Samuel H. Linn." From a judgment entered in favor of defendant Linn, and from an order denying a motion for a new trial, plaintiff appealed.

In this court the respondent contends that the finding that plaintiff did not hold possession of the land under a claim of title is sustained by the evidence. For the purposes of these appeals, the case might have been submitted upon an agreed statement of facts, for there is not any conflict in the testimony upon any matter material to a determination of the controversy. The evidence is undisputed that during the entire time of his occupancy of the land, plaintiff claimed it as his own as against everyone else, that he inclosed it and used it for the only purpose for which it was adapted; that he exercised every act of ownership and exclusive control of the property, and that these facts were generally known to the people living in the vicinity. He did not pay the taxes upon the land, and his original entry was

a trespass. He did not have or claim to have any paper title to the land.

Some incidental questions may be disposed of summarily: One [1, 2] may by adverse possession of land, for the period of the statute of limitations, acquire title thereto. (*National Min. Co.* v. *Powers,* 3 Mont. 344.) "Payment of taxes is not an element of adverse possession, unless made so by statutory requirement." (1 Cyc. 1106.) In the absence of any statute upon the subject in this state, the general rule just stated prevails.

The controversy here is waged about the meaning of "claim of title, as used in section 6438, Revised Codes, and the possibility of a trespasser initiating a right which may ripen into a title by adverse possession. The authorities are quite uniform in holding that, in order to prevail over the record title, it is indispensable that the adverse claimant maintain his possession throughout the entire period of the statute of limitations, under either "color of title" or "claim of title" in himself; otherwise the law will presume his possession to have been subservient to the legal title. This rule prevails in this state by virtue of positive statutes. (Rev. Codes, secs. 6436–6438.)

Much needless confusion has been introduced into the books by [3] the ill-advised use of "color of title" and "claim of title" as synonymous. Indeed, the confusion is apparent in our own Codes. Section 6436 considers a "claim of title" founded upon a written instrument, or a judgment or decree of court. Since the section is treating of title by adverse possession, and not of muniments which convey or confirm valid title, it is clear that our legislators fell into the common error and misused the phrase; for one who holds land under a written instrument, a statute or a judgment or decree of court which appears to convey or confirm title, but does not do so in fact, holds under "color of title"; that is to say, he holds by virtue of something which gives him a colorable title only. This is the meaning of the phrase as used by discriminating courts and text-writers. (1 Rul. Case Law, 707.)

50 Mont.—26

In *Beverly* v. *Burke,* 9 Ga. 440, 54 Am. Dec. 351, "color of title" is defined as follows: "What is meant by *color of title?* It may be defined to be a writing, upon its face professing to pass title, but which does not do it, either from a want of title in the person making it, or from the defective conveyance that is used —a title that is imperfect, but not so obviously so that it would be apparent to one not skilled in the law."

In *Hall* v. *Law,* 102 U. S. 461, 26 L. Ed. 217, it is said: "Whenever an instrument, by apt words of transfer from grantor to grantee—whether such grantor act under the authority of judicial proceedings or otherwise—in form passes what purports to be the title, it gives color of title." In the note to *Jasperson* v. *Scharnikow,* 15 L. R. A. (n. s.), at page 1218, will be found a long list of decided cases sustaining the correctness of these definitions.

It may be observed, in passing, that "color of title" does not depend upon the validity or effect of the instrument, but entirely upon its intent and meaning. (*Hindley* v. *Manhattan Ry. Co.,* 185 N. Y. 335, 78 N. E. 276.) It may be in fact altogether invalid or ineffective for the purpose intended, but if it describes the land with sufficient certainty, purports to convey it, and is not void on its face, it gives color of title. (*Allen* v. *Mansfield,* 108 Mo. 343, 18 S. W. 901.) Sections 6436 and 6437 treat of adverse possession under color of title, as that phrase should be used.

As distinguished from "color of title," "claim of title" does [4] not depend upon any writing, statute or judgment or decree of court. As used to characterize adverse possession, "claim of title" means nothing more than the claim asserted by the disseisor of his intention to appropriate and use the land in question as his own, to the exclusion of the rights of all persons, and that, too, irrespective of any semblance of color, or right, or title, as the foundation of his claim. (1 Rul. Case Law, 707; *Warren* v. *Bowdran,* 156 Mass. 280, 31 N. E. 300; *Crowder* v. *Doe,* 162 Ala. 151, 136 Am. St. Rep. 17, 50 South. 230; *Carpenter* v. *Coles,* 75 Minn. 9, 77 N. W. 424.) While it is indispensable to defeat

the holder of the legal title that the disseisor shall maintain his adverse possession throughout the entire statutory period, under either color of title or claim of title, it is not necessary that his initial entry into possession should be made under any pretense of right or title. From the days of Lord Coke to the present, the rule has been recognized quite generally that the adverse claimant may initiate his claim by a naked trespass. Under section 6438, above, it is difficult to conceive of a case where the adverse claim could have its initial foundation in anything else than a trespass. In *Carpenter* v. *Coles,* above, the trial court instructed the jury that: "A person has not any right, arbitrarily or without any claim of right, knowing that he has no right whatever, to go and take with a high hand wrongful possession of land, and avail himself of the statute of limitations." Another of like import was given, and concerning them the supreme court said: "The meaning of these instructions is that the statute will never run in favor of a disseisor whose adverse possession originated in a naked and willful trespass; that to set the statute in motion the entry must have been made under some color or claim of title which the disseisor claimed gave him the legal right to enter. This is clearly incorrect, for the books are full of cases where tortious entries upon and possession of land without any pretense of title or rightful claim to the land have ripened into title of adverse possession." In the note to *Jasperson* v. *Scharnikow,* above, 15 L. R. A. (n. s.), at page 1233, the authorities supporting this view will be found assembled at length. There are a few isolated cases to the contrary, but the decided weight of authority sustains the rule announced.

While the adverse claimant under color of title for the statutory period obtains title to the entire tract described in his muni-
[5]     ment, if it has been subjected to proper use, the one who relies upon claim of title secures only so much as he actually possesses. There cannot be constructive possession under mere claim of title. This is the doctrine of the decided cases and the meaning of our Code, sections 6436, 6437, 6438 and 6439. (1 Cyc. 1122, 1125; 1 Rul. Case Law, 726.)

The trial court erred in failing to find that plaintiff's possession was adverse, as requested, and likewise erred in determining that his possession was not maintained under claim of title within the meaning of section 6438.

The judgment and order are reversed, and the cause is remanded to the district court, with directions to enter a decree in favor of plaintiff and against the defendant Linn for the relief to which he is entitled.

*Reversed and remanded.*

MR. CHIEF JUSTICE BRANTLY concurs.

MR. JUSTICE SANNER, being disqualified, did not hear the argument, and takes no part in the foregoing decision.