BLACKFOOT LAND DEVELOPMENT CO., RESPONDENT, *v.* BURKS, APPELLANT.

(No. 4,403.)

(Submitted June 6, 1921. Decided July 1, 1921.)

[199 Pac. 685.]

*Real Property—Adverse Possession—Essentials—Evidence—Insufficiency—Taking Case from Jury—Effect.*

Adverse Possession—Payment of Taxes—Evidence.
1. Since payment of taxes was not, prior to the enactment of Chapter 3, Laws of 1917, an element of adverse possession, the fact that the holder of the legal title paid the taxes on the land in question was of no evidentiary value, further than as tending to show that he had not abandoned it.

Same—Declarations by Claimant not Controlling.
2. The fact that the holder of land under an adverse claim did not declare that he owned the land or that he was holding it adversely to the interest of the true owner, is not of controlling weight as evidence, since the question of adverse title is determinable by the claimant's actions rather than words.

---

1. What essential to adverse possession, see notes in 28 Am. St. Rep. 158; 88 Am. St. Rep. 701.

[60 Mont. 544.]

Same—Occupation Deemed in Subordination to Legal Title.
  3. Under section 6435, Revised Codes, the occupation of property by one not the owner is deemed to have been under and in subordination to the legal title.

Same—Possession Alone Insufficient to Support Claim.
  4. The question of adverse possession is one of intention, and the possession must be of such a character as to afford the owner the means of knowing of the claim asserted, possession alone, though open and notorious, being insufficient.

Same—Evidence—Insufficiency.
  5. Evidence, in an action in ejectment the defense to which was title by adverse possession, that defendant's predecessor to whose interest in the land he succeeded under a will, had fenced the land in connection with a portion of his own, and occupied and cultivated it, that he repeatedly endeavored to purchase it from plaintiff; that defendant, closely associated with decedent did not know that it was being held adversely by decedent, and, as executor of his estate, did not list the property in his inventory, *etc., held* insufficient to warrant a judgment in his favor.

Same—Insufficiency of Evidence—Taking Case from Jury not Denial of Trial by Jury.
  6. The evidence in support of defendant's claim having been insufficient to sustain either a verdict or finding in his favor, the court did not err in taking the case from the jury, setting aside its findings, making findings of its own and rendering judgment for plaintiff, and its action was not objectionable as depriving defendant of his right of trial by jury.

*Appeal from District Court, Missoula County; Theodore Lentz, Judge.*

Action by the Blackfoot Land Development Company, a corporation, against W. C. Burks. Judgment for plaintiff and defendant appeals. Affirmed.

*Messrs. Madeen & Russell,* for Appellant, submitted a brief; *Mr. Chas. A. Russell* argued the cause orally.

The case at bar is in ejectment, purely a law action and the issues made by the pleadings are purely legal issues, and no equitable principles are invoked and none are shown by the record to exist. The defendant was, therefore, entitled to a jury trial of the issues of fact made by the pleadings as a matter of right, and the above findings of the jury are binding and conclusive on the court. (15 Cyc. 11; 9 R. C. L., sec. 2; *Ferris* v. *McNally,* 45 Mont. 20, 121 Pac. 889.)

This case is for all practical purposes the old common-law action of ejectment. The court on its own motion submitted to the jury the two questions evidently deemed to cover the points in controversy, and the jury, upon due deliberation, answered both questions, "No," and against respondent's contention. By these answers respondents are bound. (*Mills* v. *Fletcher*, 100 Cal. 142, 34 Pac. 637.)

While the record is conclusive that plaintiff knew of the occupancy of Donovan and of the inclosure by fence since 1902, no action was commenced to dispossess him during his lifetime and not until his lips were sealed in death. Within a short time afterward this action was commenced to dispossess his successor in interest. Even if he did offer to purchase, it is a well-settled rule of law that an offer to purchase an outstanding title or interest is not a recognition of ownership that interrupts the adverse possession. (*Cannon* v. *Stockmon*, 36 Cal. 535, 95 Am. Dec. 205.) The foregoing case appears to be the leading authority on that question, and is fully supported by the following authorities: R. C. L., sec. 41; Corpus Juris, secs. 150, 153.

Of the numerous cases involving adverse claim decided by this court, we shall content ourselves with citing *Rude* v. *Marshall*, 54 Mont. 27, 166 Pac. 298, that it is not necessary for the adverse claimant to proclaim from the housetops his purpose.

*Messrs. Murphy & Whitlock* and *Mr. Elmer E. Hershey,* for Respondent, submitted a brief; *Mr. A. N. Whitlock* argued the cause orally.

There is a line of Missouri cases laying down the rule that in actions in ejectment, where the answer asks for affirmative equitable relief, the nature of the action is changed to an equitable one. (*Swon* v. *Stevens,* 143 Mo. 384, 45 S. W. 270; *Myers* v. *Schuchman,* 182 Mo. 159, 81 S. W. 618; *Short* v. *Kidd,* 197 S. W. 64; *Titus* v. *Development Co.,* 264 Mo. 229, 174 S. W. 432.)

We believe that the doctrine of these cases is sound. Defendant's conduct throughout the case and every incident of the trial show clearly that both the court and the attorneys treated it as a suit in equity. The following cases establish the rule in this state that the supreme court will review a case upon the same theory upon which it is tried and that a party is estopped from urging a different theory on appeal. (*Talbot* v. *Butte City Water Co.*, 29 Mont. 17, 73 Pac. 1111; *Hendrickson* v. *Wallace*, 29 Mont. 504, 75 Pac. 355; *Mares* v. *Dillon*, 30 Mont. 117, 75 Pac. 963; *Dempster* v. *Oregon Short Line*, 37 Mont. 341, 96 Pac. 717; *Raiche* v. *Morrison*, 47 Mont. 131, 130 Pac. 1074; *Smith* v. *Barnes*, 51 Mont. 203, Ann. Cas. 1917D, 330, 149 Pac. 963; *Batch* v. *Helena L. & Ry. Co.*, 52 Mont. 517, 159 Pac. 411.)

Defendant's evidence did not make out a case. Following his example, we rely upon the case of *Rude* v. *Marshall*, 54 Mont. 27, 166 Pac. 298. There this court reaffirms the proposition that it had laid down in the earlier decisions in this state, that where legal title is shown in one person and possession in another, it will be presumed in the first instance that the defendant held possession in subordination to such legal title. In that case, there was a showing of further facts indicating clearly not only the actual possession by the defendant, but the claim of right, which is always necessary to establish adverse possession and which claim was so clearly defined and explained by this court in the case of *Morrison* v. *Linn*, in 50 Mont. 396, 147 Pac. 166. In *Rude* v. *Marshall*, for instance, the court comments upon the fact not only that a substantial inclosure was made, but that it was apparent that this act of inclosure was directed against the legal owner and that at the time it was erected there was some friction and controversy between the parties, all of which characterizes the defendant's claim as hostile. The court, in the later case of *Shinors* v. *Joslin*, 56 Mont. 10, 180 Pac. 574, goes no further than to reaffirm what was said in the case of *Rude* v. *Marshall*. In our case we have nothing more than cultivation and in-

closure of a portion of this land together with land which admittedly belonged to defendant. Defendant's case certainly brought out no showing of a hostile claim or claim of right at all, but is, in fact, nothing more than a showing of the bare occupation of agricultural land, and if any presumption arises from such occupation, it is, we submit, that the same is subordinate to the right to the legal owner.

MR. CHIEF COMMISSIONER POORMAN prepared the opinion for the court.

Appeals by defendant from a judgment entered in favor of plaintiff and from an order of the court overruling defendant's motion for a new trial.

The action is in ejectment. The complaint contains the usual allegations in such actions. In his answer the defendant admits the corporate capacity of the plaintiff and puts in issue all the other material averments of the complaint and alleges as a first separate and specific defense that the plaintiff is not the real party in interest, and as a second separate and specific defense defendant alleges title in himself to the lands in dispute by possession and adverse use for more than ten years prior to the commencement of the action.

When the case was called for trial there was some discussion between the parties as to whether a jury was required, but they failed to agree upon the statement of facts, and the court directed that a jury be called. The defendant then admitted that the record title to the land in dispute was in the plaintiff, and that defendant was in possession of the land. Thereupon plaintiff rested, and evidence was introduced by defendant, and rebuttal evidence by plaintiff. At the close of the testimony "the court proceeded to settle the interrogatories to be submitted to the jury, and announced that the court would submit the following." Then follows the two interrogatories submitted. The defendant then requested the court to submit to the jury two questions proposed by him. The request of the defendant was refused, and he excepted to the action of

the court both in refusing to submit the interrogatories proposed by the defendant and in submitting those proposed by the court. The interrogatories submitted by the court to the jury were as to whether the defendant or his predecessor in interest had recognized the ownership of the plaintiff or its predecessor. The jury answered both in the negative. The court set aside the findings of the jury, and adopted certain findings proposed by the plaintiff, and denied other findings proposed by the defendant. Judgment was subsequently entered on the finding adopted to the effect that the plaintiff was the owner in fee of the land in question, and· entitled to possession thereof. No damage was awarded to plaintiff.

The appellant claims that the court erred (1) in setting aside the findings made by jury; (2) in adopting the findings proposed by plaintiff; (3) in denying defendant's request to submit the two additional interrogatories to the jury; (4) in rejecting and refusing to adopt the findings proposed by the defendant; (5) in making and giving the judgment entered herein; (6) in overruling defendant's motion for a new trial.

The land in dispute consists of a triangular tract containing about twenty acres in the northeast corner of section 33, township 13 north, range 20 west, the record title of the entire section being in the plaintiff. One Theodore Donovan was, up to the time of his death, the owner of adjoining land described as the S. E. ¼ of section 28 in said township. More than ten years prior to his death Donovan inclosed a part of the land in dispute, together with portions of his own lands, and used the same, each and every year thereafter, for general agricultural and gardening purposes. On June 2, 1915, Donovan died, leaving a will by the terms of which he devised and bequeathed all of his property of "whatever nature and description to Mr. and Mrs. W. C. Burks," and Mr. Burks was by the will appointed "as executor and administrator" of his estate, and on June 26, 1915, letters were issued to W. C. Burks. The will was admitted to probate, inventory made and filed, the estate administered, decree of final distribution made,

but not any reference was made to the land in dispute in any proceeding in the probate court. Defendant's witnesses testified that Donovan had used and occupied the land for more than ten years prior to his death, and some of the witnesses testified that Donovan had occupied the land for twenty-three or twenty-four years. It is admitted that defendant has been in possession of the land since October 1, 1917. Defendant testified that he had known Donovan for fourteen years immediately prior to his death, and that he had used and occupied this land consecutively every year; that he had seen Donovan as frequently as once a month, and that he had helped him cultivate the land. Donovan was moved to the home of defendant during his last illness, and died there. Defendant now owns the S. E. ¼ of said section 28, formerly owned by Donovan. Defendant further says with reference to Donovan's connection with the land that "he always talked to me as though he owned it," but the statements made by Donovan are not in the record, and the statement made by the witness is only his conclusion.

Plaintiff does not dispute the occupancy and cultivation of the land by Donovan, but maintains that the same was not adverse to plaintiff. The testimony introduced by plaintiff tends to show that from 1906 to within three months of the time of his death, Donovan repeatedly tried to purchase this land from the plaintiff, and its immediate predecessor in interest, and that he never did make any claim of adverse ownership; that plaintiff paid taxes on the land during all of this time. Prior to the death of Donovan, one W. P. Maclay had agreed with plaintiff to purchase all of said section 33. Maclay was called as a witness, and in detailing a conversation which he had with Donovan, about a month before his death, said: "I was up there and stopped in. He was out in the garden, and we got to talking about that land, and he said, 'If you buy this section, I would to have you let me have what is here this side of the road. * * * I have tried to buy it, but I haven't been able to do it. Perhaps if you buy the whole

section, you could do it that way.'" This evidence, in so far as it related to Donovan's efforts to buy the land, is not disputed. The claim that the action is not brought in the name of the real party in interest is not sustained by any evidence. We then have four admitted facts in this case: (1) That the plaintiff has the record legal title to the land in question; (2) that it was occupied and cultivated by Donovan for more than ten years prior to the commencement of the action; (3) that Donovan during his occupancy repeatedly tried to buy the land from the plaintiff and its predecessor in interest; (4) that defendant by reason of the will succeeded to whatever interest Donovan had in the land.

The payment of taxes on the land by the plaintiff is of no [1] value as evidence, except a mere incident tending to show that plaintiff had not abandoned the land, for the payment of taxes is not an element of adverse possession unless made so by statutory requirement. (*Morrison* v. *Linn,* 50 Mont. 396, 147 Pac. 166.)

There was not any statute in this state requiring the adverse holder to pay taxes until the enactment of Chapter 3 of the Session Laws of 1917, nor is the fact that Donovan did [2] not declare that he owned the land or that he was holding it adversely to the interest of the plaintiff of controlling weight as evidence for it is actions rather than words that must determine the question. (*Rude* v. *Marshall,* 54 Mont. 27, 166 Pac. 298.)

The occupation of property by one not the owner is deemed [3, 4] to have been under and in subordination to the legal title. (Section 6435, Rev. Codes; *Morrison* v. *Linn, supra.*)

"The question of adverse possession is one of intention. The intention must be discovered from all the circumstances of the case." (*Lamme* v. *Dodson,* 4 Mont. 560, 2 Pac. 298.)

"The possession of real estate may be open and notorious and still not be adverse." (*Crawford* v. *Ahrnes,* 103 Mo. 88, 15 S. W. 341.)

The adverse possession must be of such a character as to afford the owner the means of knowing of it and of the claim. (*Hicklin* v. *McClear*, 18 Or. 126, 22 Pac. 1057.)

Possession alone is not sufficient to sustain a claim of title **[5]** by adverse possession. Under the facts presented in this case, the sole basis of defendant's claim are the provisions of the will, and the fact that Donovan fenced a part of the land in connection with a portion of his own, and occupied and cultivated the same. In addition to the presumption that occupancy is subservient to the legal title is the undisputed evidence that Donovan repeatedly tried to purchase the property from the plaintiff and its predecessor in interest. The defendant, notwithstanding his close association with Donovan, evidently did not know that he intended to hold this land adversely, or that it constituted a part of his estate. His evidence was to the effect that he was very familiar with this land, and the fact that Donovan occupied it and cultivated it for a period of fourteen years, and still he settled the estate without listing this property as a part thereof, or making any reference to it until after the final decree had been entered. **[6]** The evidence as here given is not sufficient to sustain either a verdict or a finding in favor of the defendant; hence the court did not err in taking the case from the jury and making its findings and rendering judgment in favor of the plaintiff. The appellant's claim that he was deprived of the right of trial by a jury is therefore wholly immaterial. We may remark, however, that neither in the case of *Chessman* v. *Hale*, 31 Mont. 577, 3 Ann. Cas. 1038, 68 L. R. A. 410, 79 Pac. 254, nor in any other case, has this court ever held that a party may not by his course of conduct bar himself from the right of raising the question that he was not granted a trial by jury in a civil action.

We recommend that the judgment and order appealed from be affirmed.

PER CURIAM: For the reasons given in the foregoing opinion, the judgment and order appealed from are affirmed.

*Affirmed.*