BEARMOUTH PLACER CO., Respondent, *v.* PASSERELL ET AL., Appellants.

(No. 5,664.)

(Submitted April 20, 1925. Decided May 4, 1925.)

[236 Pac. 673.]

*Real Property—Quieting Title—Defense of Adverse Possession —Burden of Proof—Evidence—Insufficiency.*

Quieting Title—Adverse Possession—Burden of Proof on Defendant to Establish, What.
  1. In an action to quiet title to a tract of land in which the defense was adverse possession, the defendant had the burden of establishing by a preponderance of evidence that the plaintiff was not possessed of the land for a period of ten years or that the defendant had held it adversely for that length of time.

Same—Adverse Possession—Insufficient Showing.

    2.  Evidence in an action to quiet title, *held* to show that defendant who claimed right to the land by reason of his open and notorious possession thereof for ten years had not made adverse claim to the property for a period longer than two years before the commencement of the action and that prior thereto he held in subservience to plaintiff's paramount title, and that therefore judgment in favor of plaintiff was proper.

Same—Adverse Possession—Failure to Pay Taxes—Effect.

    3.  Under section 9024, Revised Codes of 1921, in no case of alleged adverse possession shall such possession be considered as established unless the claimant, his predecessor and grantor shall have paid all taxes on the property for a period of ten years continuously; hence where an adverse claimant had not paid or offered to pay any taxes, the court properly found against him.

Adverse Possession, 2 C. J., sec. 415, p. 204, n. 10; sec. 586, p. 264, n. 80; sec. 621, p. 276, n. 59.

*Appeal from District Court, Granite County; George B. Winston, Judge.*

SUIT by the Bearmouth Placer Company against Mary Passerell and another.  From a judgment for plaintiff defendants appeal.  Affirmed.

*Messrs. Russell & Madeen,* for Appellants, submitted a brief; *Mr. Charles A. Russell* argued the cause orally.

*Mr. D. M. Durfee* and *Mr. W. E. Moore,* for Respondent, submitted a brief; *Mr. Moore* argued the cause orally.

MR. JUSTICE GALEN delivered the opinion of the court.

The plaintiff instituted this action to quiet title to a tract of land in Granite county, comprising about 100 acres, alleging that it is the owner thereof and that the defendants assert an interest or claim therein adverse to the plaintiff.  The answer of the defendants admits their asserted claim of ownership to a portion of the lands described in the plaintiff's complaint, comprising 35.4 acres, description of which is set forth by metes

2.  See 1 R. C. L. 703.
3.  Essentials of adverse possession, see notes in 28 Am. St. Rep. 158; 88 Am. St. Rep. 701.  See, also, 1 R. C. L. 699.

and bounds. And by way of cross-complaint, the defendants allege the ownership and right of possession to the tract of land so described and allege right thereto on account of their open and notorious adverse possession thereof for more than ten years. The defendants also plead the statute of limitations in bar of the plaintiff's right of action. Reply was made to the answer, in effect a general denial; although it is admitted that the defendants are in possession of the lands described by metes and bounds it is denied that they have had such possession for any period longer than five years. Upon issue thus joined the cause was tried to the court without a jury. After the conclusion of the trial, the court made special findings of fact in favor of the plaintiff and against the defendants, upon which judgment was regularly made and entered. The appeal is from the judgment.

Two questions are presented necessary to be considered in disposition of the appeal, *viz.:* (1) Was the plaintiff's right of action barred by the statute of limitations? (2) Did the court err in determining from the evidence that the failure of the defendants to pay taxes on the premises in dispute defeated their claim of title thereto by adverse possession?

Considerations of the various statutory provisions so connect the matters involved in both inquiries that we shall discuss them together.

Sections 9015 and 9016, Revised Codes of 1921, are pleaded [1] and relied upon by the defendants in bar of the plaintiff's right of action. These sections bar a right of action or defense affecting real estate, unless the person making claim thereto, or his predecessor in interest, was seized or possessed of the premises in question within ten years before the institution of the action or defense made thereto. By the provisions of section 9018, however, in "every action for the recovery of real property, or the possession thereof, the person establishing a legal title to the property is presumed to have been possessed thereof within the time required by law, and the occupation of the

property by any other person is deemed to have been under and in subordination to the legal title, unless it appear that the property has been held and possessed adversely to such legal title for ten years before the commencement of the action.'' And by section 9024, it is provided:

"*Adverse ·Possession—How Established.* In no case shall adverse possession be considered established under the provision of any section or sections of this Code unless it shall be shown that the land has been occupied and claimed for a period of ten years continuously, and the party or persons, their predecessors and grantors, have, during such period, paid all the taxes, state, county, or municipal, which have been legally levied and assessed upon said land.''

"Adverse possession, generally speaking, is a possession of another's land, which, when accomplished by certain acts and circumstances, will vest title in the possessor. No matter in what jurisdiction the determination of what constitutes adverse possession may arise, the decisions and text-books are unanimous in declaring that the possession must be actual, visible, exclusive, hostile, and continued during the time necessary to create a bar under the statute of limitations.'' (2 C. J. 50; *Collins* v. *Thode*, 54 Mont. 405, 170 Pac. 940.)

The burden rested upon the defendants to establish by preponderating evidence that the plaintiff was not possessed of the tract of land in dispute for a period of ten years, or that the defendants have held the property adversely to the plaintiff for such length of time.

It appears that the defendant Carman Passerell went to live [2] in a house adjacent to the tract of land in question about June 15, 1908. The house was then occupied by one Frank Norville, who shortly afterward was killed, and thereafter the defendant continued in the occupancy of such dwelling. Norville lived on the place as a custodian of the realty owned and claimed by the plaintiff, which was then owned by L. M. Harley from whom the plaintiff acquired its title by deed June 13,

1916. Later, on February 23, 1910, the defendant declared his intention to become a citizen of the United States and shortly thereafter made a homestead entry of 160 acres of land contiguous to the lands of the plaintiff, including the tract in controversy. Patent for the lands embraced in his homestead entry was issued to him September 19, 1914. The house occupied by the defendants was at all times since defendant Carman Passerell first went to live upon the land, situated within the land embraced by the Passerell homestead. The Passerell homestead is directly to the north of the land claimed by the plaintiff and the residence occupied by the Passerells is situated in a northeasterly direction from the tract in controversy, a distance of approximately 400 feet. The following sketch will tend to elucidate the facts.

SECTION 12

The tracts marked P represent lands patented to Carman Passerell; the square marked ''House'' is where the Passerells reside, and the barred tract is the lands claimed by the plaintiff, including the tract in controversy shown in the plat within barred lines comprising 35.4 acres, and so marked, less about

sixty acres conveyed to the Chicago, Milwaukee & St. Paul Railway Company by the predecessor of plaintiff for right of way purposes, not involved herein.

There is conflict in the evidence, but, upon an abundance of testimony, the court found that the plea of the statute of limitations averred in the defendants' answer is not sustained. We are not disposed to interfere with the finding thus made. The plaintiff established legal title to the tract in controversy and the proofs submitted would sustain a finding that the defendants had not made claim to the tract in dispute adversely to the plaintiff's claim of ownership thereof for a period longer than two years before the commencement of this action. There is ample testimony to warrant conclusion that the occupation of the disputed tract of land by the defendants prior to the year 1922 was in subservience to plaintiff's paramount title, and that the defendants did not in fact assert hostility of title thereto against the plaintiff as owner of the record title until the plaintiff caused survey of the lands claimed by it to be made in the summer of 1922, in furtherance of a contract to sell the land claimed by it to one Frank Davie.

Without contradiction, it appears from the testimony that [3] the plaintiff and its predecessors in interest had paid all state and county taxes assessed against the property claimed by the plaintiff, including the tract in dispute, long prior to, and ever since, the defendants have been in occupancy thereof. The defendants never paid or offered to pay the taxes assessed on this land, and the court so found.

Prior to the enactment of section 9024 of our statute, it was held by this court that the payment of taxes was not an element of adverse possession. (*Morrison* v. *Linn,* 50 Mont. 396, 147 Pac. 166; *Blackfoot Land Development Co.* v. *Burks,* 60 Mont. 544, 199 Pac. 685.) In 1917, the rule was changed by the lawmaking body, and must be observed by the courts. The purpose of the statute is to protect land titles in the legal holders thereof against clandestine encroachments by strangers, and

neither the power of the legislature to so change the law nor its wisdom in so doing is open to question.

If this case involved considerations of honest mistake in the boundary lines between the lands of the plaintiff and defendants, our conclusion might be wholly different; but here there could be no such mistake, nor can we see how one could fairly arise regarding the tract of land in controversy. As to the effect of the statute in boundary line disputes, we express no opinion, as a determination thereof is not requisite to a decision in this case.

The judgment is affirmed.                    Affirmed.

Mr. Chief Justice Callaway and Associate Justices Holloway, Stark and Matthews concur.