PARKER v. BECKWITH.

1. Cancellation of Instruments—Deeds—Mistake.

In suit by husband to cancel deed to wife, since deceased, where his claim that said deed was executed through oversight or by mistake was not established by competent testimony, cancellation on said grounds was properly refused.

2. Adverse Possession—Parent and Child—Fiduciary Relation.

Where, during portion of time father claims to have been holding by adverse possession as against his daughters, one of said daughters was living with him on premises, there was fiduciary relation.

3. Equity—Quieting Title—Clean Hands.

Where, in suit by father to remove cloud from title, it appears that he had deeded the property to his wife, and after her death he misled his daughters as to their rights therein by false representations that he held title by survivorship, and now claims title by adverse possession, he is not in court with clean hands, and therefore court of equity ought not to grant him relief.

4. Adverse Possession—Permissive Possession Would Never Ripen Into Title by Adverse Possession.

Possession by permission would never ripen into title by adverse possession until changed into one asserted as matter of right, hostile and adverse to rights of title holder.

On right of one in permissive possession of real property to acquire title by adverse possession, see annotation in 12 L. R. A. (N. S.) 1140.

Appeal from Wayne; Parker (James S.), J., presiding.  Submitted June 4, 1930.  (Docket No. 20, Calendar No. 34,375.)  Decided October 3, 1930.

Bill by Horace F. Jackson against Alvin Beckwith and others to remove cloud from title.  There was decree dismissing bill of complaint.  The plaintiff's death being noted of record, the case was revived in name of George E. Parker, administrator, who appeals.  Affirmed.

*Yerkes, Goddard, McClintock & Shreve (Edgar S. Sells,* of counsel), for plaintiff.

*John A. Boyne,* for defendants Grace Schade and Bessie Levagood.

NORTH, J.  This bill was filed by Horace F. Jackson to secure the removal of a cloud from the title of the east one-half of lot 8 and lot 10 of block 12 of the village of Northville, Michigan.  After decree dismissing the bill of complaint, the plaintiff died; but notwithstanding this he will be referred to as the plaintiff and appellant in this appeal which has been revived in the name of George E. Parker, administrator of the Jackson estate.  There is no controversy between the appealing parties as to the plaintiff being entitled to have the premises freed from the cloud created by certain undischarged mortgages; but the controversy involves the question as to who is the owner of the fee.

Mr. Jackson became the owner of the property prior to June 19, 1893.  On that date he deeded it to his wife, Mary A. Jackson.  About this same time he deeded by separate conveyances several other par-

cels of property to his wife, this being done because he contemplated an extensive trip to the far west. His absence continued until 1900, when he returned to Northville and took up his residence on the premises in question with his wife and their two daughters, the defendants Grace Schade and Bessie Levagood. Four or five years after Mr. Jackson's return the daughters married and went elsewhere to reside, but Mr. and Mrs. Jackson continued to occupy the premises until the latter's death in 1911; and Mr. Jackson's residence there continued up to the time of filing the bill of complaint, June 24, 1927. In the meantime he married a second time, and the wife of this marriage resided with him on this property a short time, but he was divorced from her January 25, 1921. The daughter Bessie Levagood had returned and was residing at home with her father and mother when the latter died. She claims she had no other home, but occupied this place as a residence with her father until her second marriage, June 25, 1919. In 1922 she and her husband returned and resided upon these premises with the plaintiff for something like a year and a half.

It is plaintiff's claim that his deed of this property to his wife was given by mistake and without his realizing that he was conveying this property to her. By an amendment to the prayer for relief he asks that the deed in question be canceled. He also claims that title to the premises has been restored to him by reason of his having had adverse possession thereof for more than the statutory period prior to filing the bill of complaint. Plaintiff's right to the relief sought is contested by the defendants, both on the ground that the deed of June 19, 1893, was not executed through an oversight or by a mistake, and also upon the ground that

plaintiff is not shown by the evidence to have had adverse possession of the premises in question for the statutory period of 15 years.

There is no competent testimony in this case which in our judgment would justify cancellation of the deed in question on the ground that it was executed through an oversight or mistake. Relative to plaintiff's claim of title by adverse possession, the defendants assert that they consented to plaintiff's enjoyment and control of this property because shortly after their mother's death he told the daughter Bessie that title to the property was held by entirety by him and his first wife and that upon her death he became the sole owner by right of survivorship; and that they believed such to be the fact and did not discover the true situation until investigation was made after they were served with process in this suit. It was while plaintiff was thus exercising control of the property that he mortgaged it, and incident to a divorce proceeding between him and his second wife this property was set off to her in satisfaction of her property rights, but subsequently it was released by an amendment to the decree. As noted above, during a portion of the time when plaintiff claims he was holding adverse possession one of these daughters lived in the household with him. Under such circumstances there was a fiduciary relation. If these defendants were misled as to their rights in this property because the plaintiff suppressed the truth, or especially if he deceived them or either of them by the false representation that he held title to the property by right of survivorship, he is not in court with clean hands, and the court of equity ought not to grant him the relief which he now seeks. We have given this phase of the record careful consideration, and are of the

opinion that the evidence established the claim of the defendants in this particular. In any event, plaintiff's possession was obtained by permission of his first wife, and presumably in subordination to her title. His continued occupation could not ripen into title adverse to her during her lifetime or to her heirs until plaintiff's possession changed from one by permission or sufferance to one asserted as a matter of right, hostile and adverse to the rights of the title holder. *Van Allsburg* v. *Kooyers*, 250 Mich. 518.

The phases of this case above discussed are controlling, and we need not give further consideration to the claim of the defendants that inasmuch as Mrs. Levagood occupied the premises jointly with plaintiff during a portion of the statutory period, the alleged title by adverse possession did not accrue because plaintiff's possession was not adverse and exclusive for the full statutory period. The decree of the lower court dismissing plaintiff's bill of complaint is affirmed, with costs to the appellees.

WIEST, C. J., and BUTZEL, CLARK, McDONALD, POTTER, SHARPE, and FEAD, JJ., concurred.