BERNICE H. HOLMES *vs.* ELBRIDGE S. JOHNSON, individually and as trustee.

Middlesex.    April 6, 1949. — June 16, 1949.

Present: QUA, C.J., LUMMUS, RONAN, SPALDING, & WILLIAMS, JJ.

*Adverse Possession and Prescription. Landlord and Tenant,* Adverse possession.

A conclusion, that continuous actual and open possession of a strip of land for over twenty years did not establish a title by adverse possession, was proper where it appeared that during all but four years of that period such possession was incidental to ownership of an adjacent house lot, but that during the four years such possession was incidental to occupancy of the house lot as a mere tenant of one who claimed neither a title nor right to possession of the disputed strip.

BILL IN EQUITY, filed in the Superior Court on November 8, 1948.

Upon the filing of a master's report, there were entered by order of *Morton,* J., an interlocutory decree overruling exceptions by the plaintiff to and confirming the report, and a final decree dismissing the bill. The plaintiff appealed from the final decree.

*J. A. Purcell,* for the plaintiff.
*J. G. Brackett,* for the defendant.

WILLIAMS, J.   In this bill in equity the plaintiff seeks to
have determined her "rights" in a certain parcel of land
in Arlington, to have the defendant enjoined from placing
thereon buildings, walls or other obstructions, and to have
assessed her damages caused by an alleged trespass on the
land by the defendant.   A master has found the following
facts.   The plaintiff and the defendant are respectively
owners of record of adjoining lots of land on Paul Revere
Road in Arlington designated as lots 8 and 9 on a plan
recorded with Middlesex South District Registry of Deeds,
plan book 274, plan 50.   The plaintiff's title to lot 8 is
traced back to a deed from Ira A. Abbott, the former com-
mon owner of both lots, to the plaintiff's mother, Bridget V.
Holmes, in 1919.   A mortgage given by the latter to the
Federal Cooperative Bank in 1928 was foreclosed by the
bank on July 27, 1937, and the lot purchased by the bank
at the foreclosure sale.   Thereafter the plaintiff occupied
the premises as a tenant of the bank until March, 1941,
when she purchased the lot from the bank through a "straw,"
acquiring the record title on March 24, 1941.

The defendant derives his title to lot 9 through mesne
conveyances from Constance L. Abbott, the daughter of
Ira A. Abbott, to whom the lot passed by devise on her
father's death in 1921.   Each lot is slightly over five thousand
square feet in area, and on lot 8 is a dwelling house num-
bered 88 Paul Revere Road erected by Abbott shortly
before his conveyance to Mrs. Holmes.   There is no building
on lot 9.   The area to which the plaintiff's bill refers is a
strip of land, which is a part of lot 9, approximately sixteen
feet in width running from Paul Revere Road to the southerly
or back line of the lot and along its easterly boundary.   This
strip adjoins the westerly line of lot 8 and contains one
thousand six hundred twenty square feet.   Shortly after
Bridget V. Holmes purchased lot 8 in August, 1919, and
moved into the house thereon, her family, which consisted
of her husband and several children including the plaintiff,
began to use the strip in question and constructed on it a
lawn, a flower garden, a rock garden, a walk, a stone wall,

and stone steps. Since 1922 the family has continuously used this strip for a garden and walk. In 1924 a part of the strip bordering on Paul Revere Road was constructed by the family for a parking space which the plaintiff has used for her automobile continuously since that time.

From 1924 the occupancy of the strip by the plaintiff and her family for the purposes above described continued without interruption and without the consent of the record owners of lot 9 until September 16, 1948. On that date the defendant, who had acquired title to lot 9 in 1945, entered upon the disputed strip or area, cut down trees and shrubbery, began excavating for the foundation of a house, and forcibly removed the plaintiff's automobile from the parking space.

On these subsidiary findings the master based the following conclusions of fact. "The occupancy of the disputed area by the plaintiff and her family from 1922 with respect to the flower gardens, rock gardens and the like, and from the fall of 1924 with respect to the entire disputed area was apparent, open and continuous . . . [and] was of such character as to constitute actual possession." "Such occupancy was without permission of the owners . . . and was intended to exclude the true owner and all others from possession and to appropriate and hold it."

"The use of the land was appurtenant and incidental to the ownership and enjoyment of the possession of the house, 88 Paul Revere Road, and not under any claim to a title to the disputed area separate from that to the house. . . . During the period when 88 Paul Revere Road was held by the bank as grantee under its foreclosure deed from July 27, 1937, to March 14, 1941, the use of the disputed area by Miss Holmes and her family continued as an incident to her occupancy of the house as a tenant of the bank, and its use as the home of herself and the other members of her family. The Federal Cooperative Bank had no title nor possession and claimed none in the disputed area. As an ultimate conclusion, I find that the plaintiff and her predecessors in title have not had uninterrupted adverse possession of the

area for a period of twenty years, and that ownership of it is held by the defendant."

An interlocutory decree, from which no appeal was taken, was entered confirming the master's report and overruling the plaintiff's exceptions, which were based on the contention that the ultimate conclusion of the master was not warranted by the subsidiary facts which he had found. The plaintiff's appeal from a final decree dismissing her bill is before us.

Acquisition of title through adverse possession is a fact, *Harrison* v. *Dolan*, 172 Mass. 395; *Nantucket* v. *Mitchell*, 271 Mass. 62, 68; *Daley* v. *Daley*, 300 Mass. 17, to be proved by the one asserting the title. The burden of proof extends to all of the necessary elements of such possession and includes the obligation to show that it was actual, open, continuous, and under a claim of right or title. If any of these elements is left in doubt, the claimant cannot prevail. *Gadreault* v. *Hillman*, 317 Mass. 656, 661. The ultimate conclusion of the master is stated to be based on his subsidiary findings and is therefore open to revision on appeal not only so far as it involves a ruling of law but also so far as it is a conclusion or inference of fact. *Hannah* v. *Frawley*, 285 Mass. 28, 31. *Robinson* v. *Pero*, 272 Mass. 482, 484. *MacLeod* v. *Davis*, 290 Mass. 335, 338, 339.

The plaintiff contends that, as the master has found that the occupancy of the disputed area by her and her family has been open and continuous for over twenty years without the consent or permission of the record owners, and of such a character as to constitute actual possession, it was error for him to conclude that she had not acquired title by adverse possession. No point is made that the possession of the plaintiff cannot properly be tacked to that of her mother and other members of the family. See *Wishart* v. *McKnight*, 178 Mass. 356. The question for decision appears to be whether the plaintiff has shown that the possession of her family and herself was under a continuous claim of right or title for twenty years. "If the party claim only a limited estate, and not a fee, the law will not, contrary to his in-

tentions, enlarge it to a fee." *Ricard* v. *Williams*, 7 Wheat. 59, 107, 108. *Bond* v. *O'Gara*, 177 Mass. 139, 143. Ordinarily the facts of entry and continued possession evidence an intent to occupy and hold the premises as against the true owner sufficient to effect the ripening of such possession into a title. The claim of the possessor is limited not by his belief in his right to possession but only by the intent with which he asserts a right. *Warren* v. *Bowdran*, 156 Mass. 280, 282. *Bond* v. *O'Gara*, 177 Mass. 139, 143. *Jordan* v. *Riley*, 178 Mass. 524. *Van Allen* v. *Sweet*, 239 Mass. 571. Where, however, the occupant does not in fact assert a right to hold in fee, his possession will not ripen into a title in fee. *Leavitt* v. *Elkin*, 314 Mass. 396, 401.

While the master, in substantially the words of the opinion in *Bond* v. *O'Gara*, 177 Mass. 139, 144, finds the occupancy of the plaintiff and her family "was intended to exclude the true owner and all others from possession and to appropriate and hold it," he qualifies his finding as follows: "The use of the land was appurtenant and incidental to the ownership and enjoyment of the possession of the house, 88 Paul Revere Road, and not under any claim to a title to the disputed area separate from that to the house. . . . During the period when 88 Paul Revere Road was held by the bank as grantee under its foreclosure deed from July 27, 1937, to March 14, 1941, the use of the disputed area by Miss Holmes and her family continued as an incident to her occupancy of the house as a tenant of the bank, and its use as the home of herself and the other members of her family."

From these facts the conclusion is justified that, during the period when title to lot 8 was in the bank and the plaintiff was its tenant, her possession of the disputed area was under a claim of right to hold it not in fee but only as a tenant of the bank. As the bank never had possession of the disputed area, nor claimed title to it, and did not include it in its letting to the tenant, the possession of the tenant beyond the boundaries of lot 8 cannot be considered to be the possession of the bank. *Holmes* v. *Turner's Falls Co.*

150 Mass. 535, 547. *Elwell* v. *Barbrick,* 279 Mass. 272, 277. As the continuity of possession under a claim of right to the title was interrupted, the conclusion of the master that the plaintiff has not acquired title by adverse possession was correct.

It is unnecessary for us to consider the plaintiff's exceptions to the master's report which were overruled by the interlocutory decree confirming the report. They raised the same issue which we have dealt with in connection with the final decree. *Robert* v. *Perron,* 269 Mass. 537, 541.

*Decree affirmed with costs.*