MANUEL C. MENDONCA, JR. & another[1] *vs.*
CITIES SERVICE OIL COMPANY OF PENNSYLVANIA.

Bristol.  March 6, 1968. — May 9, 1968.

Present: WILKINS, C.J., WHITTEMORE, CUTTER, KIRK, & SPIEGEL, JJ.

*Adverse Possession and Prescription.*

The continuity of possession for twenty years necessary for the owner of a lot, plaintiff in a suit in equity, to establish title by adverse possession to a strip of an adjacent lot of the defendant was broken when, fifteen years after commencement of the alleged adverse possession, without protest by a predecessor in title of the plaintiff, the defendant removed fences on the strip and used it for three or four weeks for the storage of building materials and equipment during renovation work to the buildings on his lot.

BILL IN EQUITY filed in the Superior Court on September 19, 1966.

---

[1] Tillie Mendonca, his wife.

The suit was heard by *Mitchell,* J.

*John V. Phelan* for the defendant.

*Edward J. Harrington, Jr.,* for the plaintiffs.

KIRK, J.   This bill in equity was brought to enjoin the defendant from entering upon a strip of land (the strip) which the plaintiffs claim to have acquired by adverse possession and to recover damages for trespass.   Annexed to the plaintiffs' bill is a copy of an affidavit, signed by them and recorded in the registry of deeds on July 17, 1964, claiming title to the strip by adverse possession.   In its answer the defendant asked for affirmative relief against the claim and the acts of the plaintiffs.

The defendant appeals from a decree that the plaintiffs acquired the strip by adverse possession.   The plaintiffs appeal because no damages were awarded.   The judge made a statutory report of material facts.   The evidence is reported.   It consists of stipulations made at the trial, of exhibits including deeds, a plan and photographs, and the entire transcript of testimony.   The applicable standard of review is stated in *Canney* v. *New England Tel. & Tel. Co.* 353 Mass. 158, 159–160.

The parties own adjacent lots in New Bedford.   It is undisputed that record title to a parcel of land including the disputed strip has been in the defendant since 1936 and that taxes on the whole parcel have been assessed to it and paid by it to the city since 1936.   The defendant's predecessor, Cities Service Refining Company, had purchased the property in 1927.   The defendant's parcel is at the southwest corner of the intersection of Emma Street and Brock Avenue.   Emma Street runs east to west; Brock Avenue runs generally north to south.   Since 1936 the defendant has operated a gasoline station on the property.   It is also undisputed that the plaintiffs hold title as tenants by the entirety to the lot adjoining the defendant's on Emma Street by virtue of a deed dated February 14, 1957; that the deed to the plaintiffs and the deeds to their predecessors in title, dating back to 1923, were all warranty deeds, and that none of them purported to convey the disputed strip

to the grantee. All of the deeds in the plaintiffs' chain of title define or describe the north (Emma Street) and south boundaries of the plaintiffs' lot as forty-one feet long.

It is the plaintiffs' position that by adverse possession the north (Emma Street) and south boundaries of their property have been extended approximately twenty-four feet easterly into the property of the defendant, encompassing a strip ninety feet long, for a total of 2,187 square feet. They contend that they and their predecessors in title have occupied the strip (twenty-four feet wide and ninety feet long) adversely to the defendant for more than twenty years and now own it under G. L. c. 260, § 21.

There was no finding and there was no evidence to warrant a finding of adverse use prior to 1936. The plaintiffs' case must stand or fall on events commencing with that year. We have considered all of the evidence in the case and have weighed and measured it with due regard to the findings of the judge. We conclude for purposes of this decision that it is unnecessary to recount the evidence in detail or to embark upon a dissertation on the propriety of the legal significance or nonsignificance given to the evidence by the judge. There is no doubt that the defendant erected and maintained a fence parallel to and more than twenty-four feet from its ninety foot west boundary until 1951. There is no doubt that the plaintiffs and some of their predecessors made use of the strip for various purposes without protest or objection by the defendant, nor is there any doubt that a chain link fence was erected in 1941. by one of the plaintiffs' predecessors in title on the Emma Street side of the strip. But there likewise is no doubt as the judge found, and his finding is firmly supported by the evidence, that "In 1951 the defendant rebuilt the gas station renovating the small building and adding thereto a large lubrication bay which extended the building both toward Emma Street and back in the direction of the disputed area. During this renovation work the contractor used the disputed area for the storage of building materials and equipment for a period of three or four weeks without

protest from the then current owner of the plaintiffs' land.[2] As part of the work, the contractor tore down both of the fences . . . [which the defendant had erected and] which were then in poor repair.[3] A new wooden fence was erected across the lot parallel to and about twenty-four feet from the boundary line between the parcels."[4]

The judge concluded his findings of fact with the statement, "On all the evidence I find as a matter of fact that plaintiffs and their predecessors in title had actual, open, continuous possession of the disputed area under a claim of right or title for a period of over twenty years." We think this ultimate finding is plainly wrong. "Acquisition of title through adverse possession is a fact . . . to be proved by the one asserting the title. The burden of proof extends to all of the necessary elements of such possession and includes the obligation to show that it was actual, open, continuous, and under a claim of right or title." *Holmes* v. *Johnson*, 324 Mass. 450, 453, and cases cited. If any of these elements is left in doubt, the claimant cannot prevail. *Gadreault* v. *Hillman*, 317 Mass. 656, 661. *Holmes* v. *Johnson*, 324 Mass. 450, 453.

The plaintiffs cannot prevail here because the use of the strip by the defendant in 1951 broke the requisite element of continuity of possession. Any adverse use subsequent to 1936 was interrupted before twenty years had elapsed; and any adverse use since 1951 falls short of the required twenty years. The removal of the fences and the use of the strip during the remodeling of the station were acts of dominion by the defendant consistent with its title of record.

The final decree must be reversed. A decree is to be en-

[2] The record shows that the reconstruction of the station was done pursuant to plans prepared by the defendant's engineer who was on the ground when the work was in progress. The only evidence in the record of the time for construction was "ten weeks" or "about ten weeks."

[3] One of the two fences was the ninety foot fence mentioned in the text of the opinion. The other was a 107 foot fence which marked the south boundary of the defendant's property and ran parallel to Emma Street and approximately perpendicular to Brock Avenue.

[4] The new fence was erected from two to ten feet nearer to the boundary between the two parcels than the fence which it replaced.

tered (1) confirming the title of Cities Service Oil Company to the area described as the second parcel in the deed to it dated December 23, 1936, recorded with Bristol South District registry of deeds, book 788, page 81; (2) declaring the plaintiffs' affidavit recorded in the same registry on July 17, 1964, book 1452, page 345, to be null and void; (3) enjoining permanently the plaintiffs and the members of their family, tenants, agents or servants from trespassing on any part of the defendant's premises as described above in clause (1); and (4) dismissing the plaintiffs' bill.

*So ordered.*