In the Matter of the ESTATE OF James QUALTERI, Deceased.

Jennie QUALTERI, as personal representative and individually, Petitioner–Appellant,

v.

John QUALTERI and Frances L. Qualteri, Respondents–Appellees.

No. 85CA0792.

Colorado Court of Appeals, Div. IV.

Feb. 18, 1988.

Rehearing Denied March 17, 1988.

Certiorari Denied July 18, 1988.

Myrick and Serruto, William E. Myrick, Martin A. Bloom, Denver, for petitioner-appellant.

David C. Deuben, Wheat Ridge, for respondents-appellees.

TURSI, Judge.

Jennie Qualteri, individually and as personal representative of the decedent, James Qualteri, appeals the judgment of the trial court determining that John and Frances L. Qualteri are the owners of a disputed tract of property by adverse possession. She asserts the trial court erred by: (1) concluding John and Frances proved hostile possession of the tract, and (2) admitting testimony barred by the Dean Man's Statute. We affirm.

In 1962, James Qualteri (decedent) deeded a portion of land owned by him to his son and daughter-in-law John and Frances L. Qualteri. In 1963, John and Frances erected a fence which enclosed the deeded property plus an L-shaped parcel, record title to which remained with the decedent. The disputed property included portions of three lots in the subdivision that bordered the other property owned by decedent. They built a duplex on their property and improved the property up to the fence lines.

Upon decedent's death in 1983, his wife, Jennie, was appointed the personal representative of his estate. She petitioned the probate court for an order authorizing the sale of real estate including the L-shaped parcel that was within the fence erected by John and Frances.

John filed an objection to the order, claiming he and his wife were owners of that enclosed area by their adverse possession of it.

The parties stipulated to jurisdiction in the probate court to decide the property dispute, and the action was tried to the court. It determined that John and Frances had acquired title to the disputed property by adverse possession and quieted title in favor of them.

I

■ Jennie Qualteri asserts the trial court erred by concluding John and Frances proved hostile possession of the disputed tract. We disagree.

One claiming adverse possession must show, by clear and convincing evidence, that his possession was actual, hostile, under claim of right, exclusive, and uninterrupted for the 18-year statutory period. Section 38–41–101(1), C.R.S. (1982 Repl.Vol. 16A); *Raftopoulos v. Monger*, 656 P.2d 1308 (Colo.1983).

■ Jennie urges this court to adopt a rule of law that in cases of claimed adverse possession between close family members, the possession of land of one by the other

is presumed to be permissive and not adverse. We decline to adopt such a rule.

Our supreme court has considered this issue and did not adopt a rule of presumption, but instead adopted the rule that "strong proof" of hostility is required if claimant takes possession of property belonging to a relative. *Kelly v. Mullin*, 159 Colo. 573, 413 P.2d 186 (1966).

■ Generally, possession of real property by the agent, tenant, grantor, mortgagee, or family member of the owner is not hostile. 3 *American Law of Property* § 15.4 (A.J. Casner ed. 1952). In such cases, for the possession of the land to become adverse so that the statute of limitations begins to run the occupant must either give the owner actual notice of hostility or constructive notice by the exercise of control over and use of the property inconsistent with the rights of the owner. *American Law of Property, supra. See Segelke v. Atkins*, 144 Colo. 558, 357 P.2d 636 (1960) (if original entry on land is permissive, notice or explicit disclaimer must be given to the owner before the character of the possession becomes adverse).

■ Hostile intent is to be determined from the declarations of the parties and the reasonable deductions from the facts. *Anderson v. Cold Spring Tungsten, Inc.*, 170 Colo. 7, 458 P.2d 756 (1969). Any actual visible means which gives the true owner notice of exclusion from the property and of the defendant's dominion over it is sufficient. *Anderson v. Cold Spring Tungsten, Inc., supra.* Hostile intent is a question of fact, and a finding thereon will not be disturbed on review when sustained by competent evidence appearing in the record. *Anderson v. Cold Spring Tungsten, Inc., supra. Riggs v. McMurtry*, 157 Colo. 33, 400 P.2d 916 (1965).

Here, it is undisputed that John and Frances Qualteri had exclusive possession and use of the disputed tract for the statutory period. John testified that it was his intent since 1962 to take the disputed property and use it as his own. He also testified that he built and maintained a fence on the same line since 1963, which kept out the livestock on the decedent's property.

It is undisputed that John and Frances placed improvements on the disputed land which included a lawn, trees, sprinkler heads, concrete walkway, framed sheds and concrete trash pads which were contrary to any other use of the tract.

The trial court's extensive findings of fact and well-reasoned conclusions of law are supported by the record; therefore, on review we will not disturb its determination that John's and Frances' possession of the disputed tract was hostile.

## II

Jennie also asserts that John's testimony concerning conversations and transactions with the decedent is incompetent testimony pursuant to the Dead Man's Statute, § 13–90–102, C.R.S. (1987 Repl.Vol. 6A), and that, therefore, it was error to consider that testimony to establish either notice to or knowledge of the decedent of John's hostile intent.

However, the record shows each time the objection was made regarding John's testimony the trial court sustained it. Furthermore, the trial court did not rely on such testimony from John in its oral findings. Instead, the trial court relied on the actual, exclusive use and possession by John and Frances to show constructive notice. Therefore, while Jennie recites a correct legal rule, the trial court committed no error regarding this issue in this action.

Judgment affirmed.

KELLY and METZGER, JJ., concur.