GEORGE M. MACDONALD & another[1] *vs.* DONALD MCGILLVARY & another.[2] No. 92-P-708. July 23, 1993. *Adverse Possession and Prescription.*

The MacDonalds and the McGillvarys own adjacent lots on Guild Street in Burlington. In 1966, the Pascuccis, the McGillvarys' predecessors in title, built a fence along what they and the MacDonalds believed was the boundary line between their lots. Thereafter, the MacDonalds took care of the land on their side of the fence and, first the Pascuccis, and then the McGillvarys, took care of the land on their side of the fence. Taking care of the land involved cutting the grass and raking the leaves. After a falling out between the neighbors over the cutting of tree branches, the MacDonalds ordered a survey of their property. The survey revealed a discrepancy of 2.46 feet between the actual length of Guild Street and its

[1]Colleen MacDonald.
[2]Paula McGillvary.

length as depicted on the 1959 subdivision plan to which both the MacDonalds' and the McGillvarys' deeds refer. The survey results gave rise to the question where the actual boundary line between the two lots was located. In 1989, the MacDonalds filed a complaint in the Superior Court alleging that the fence was encroaching on their property and seeking to have the fence ordered removed. Relying on the survey and on dicta in *Block* v. *Pfaff*, 101 Mass. 535, 539 (1869), the MacDonalds claimed that the 2.46 foot shortage should be apportioned among the three lots of the subdivision bordering on Guild Street. The McGillvarys denied that the MacDonalds owned any of the disputed land, and they counterclaimed, alleging that, in any event, they had acquired the disputed land through adverse possession.

The parties presented their evidence to the judge in a jury-waived trial. The judge declined to apply the apportionment doctrine but, nevertheless, determined that some portion of the McGillvarys' fence was on the MacDonalds' land. He found against the McGillvarys on their adverse possession claim. Accordingly, he ordered that the fence be removed.

We need not decide where the true record boundary is located because we think the judge erred in concluding that the McGillvarys had not proved adverse possession. "Acquisition of title through adverse possession is a fact . . . to be proved by the one asserting the title. The burden of proof extends to all of the necessary elements of such possession . . . ." *Holmes* v. *Johnson*, 324 Mass. 450, 453 (1949). "Title by adverse possession can be acquired only by proof of nonpermissive use which is actual, open, notorious, exclusive, and adverse for twenty years." *Ryan* v. *Stavros*, 348 Mass. 251, 262 (1964). See also G. L. c. 260, §§ 21, 22. Compare *Peck* v. *Bigelow*, 34 Mass. App. Ct. 551, 556-557 (1993). Based upon the use by the MacDonalds and the McGillvarys of their respective parcels of land, the judge found that the McGillvarys had satisfied all the requirements for adverse possession except the requirement that the use be uninterrupted for twenty years. His finding against the McGillvarys as to that requirement was based on evidence that the wooden fence built by the Pascuccis fell sometime in the 1970's and, for a year or two, there was no fence dividing the properties. A photograph in evidence showed, however, that some broken wooden portions of the base of the fence remained visible on the ground. The wooden fence was replaced by a chain link fence which remains in place.

Given the uninterrupted use the parties made of their property, at all times assuming that the boundary was located where the wooden fence had been located and where the chain link fence is presently located, compare *Kendall* v. *Selvaggio*, 413 Mass. 619, 622-625 (1992), we do not think the absence of a fence for a year or two warranted the judge's finding that the McGillvarys' use of the disputed area was interrupted. Contrast *Holmes* v. *Johnson*, 324 Mass. at 454-455 (claimed period of adverse use found to have been interrupted while title was in name of foreclosing bank which

neither claimed title to, nor let to tenant, disputed portion of property); *Mendonca* v. *Cities Serv. Oil Co. of Pa.*, 354 Mass. 323, 326 (1968) (use found to have been interrupted where record owner removed fence and for several weeks stored equipment on disputed land).

The parties have not provided us with a complete transcript. However, on the basis of the judge's findings of fact and admissions by MacDonald included in the transcript excerpts, we conclude that a finding of uninterrupted adverse use of the land on the McGillvarys' side of the fence was required. The MacDonalds do not contend that they ever used the disputed land or that there was any period of time during which the McGillvarys did not use it. The temporary absence of a fence was but one factor to be considered in determining the degree of the McGillvarys' control over the area. See *Shaw* v. *Solari*, 8 Mass. App. Ct. 151, 157 (1979). Compare *Jones* v. *Gingras*, 3 Mass. App. Ct. 393, 398 (1975) (adverse possession properly found on basis of maintenance of vegetable garden and similar activities even though record owner grew some vegetables and granddaughter played and picked blueberries in the same area). Although the McGillvarys' use of the small strip of land in dispute consisted of little more than maintenance of a suburban lawn, the presence on the ground of the remains of the wooden fence during the one or two-year absence of a fence made it most unlikely that, during that period, the McGillvarys ceased to take care of the entire disputed area and that the MacDonalds' lawn care extended into the disputed area.

Accordingly, we vacate the judgment ordering the removal or relocation of the fence, and we order judgment to enter for the McGillvarys on the counterclaim.

*So ordered.*

*Lisa E. Roche* for the plaintiffs.
*Ralph C. Copeland* for the defendants.