Connon, Richard F., J.
Pursuant to Rule 56 of the Massachusetts Rules of Civil Procedure, the defendants (Banks) hereby move for entry of summary judgment on the claims and counterclaims asserted in the action before the court. This action had been brought by the plaintiff Harvey G. Clauson, Trustee, claiming rights to a certain driveway on the defendants’ property.

BACKGROUND

On or about Januaiy 27th, 1984, Mr. and Mrs. Banks purchased from Mr. Clauson real estate known as Lot 56 on a plan entitled “Subdivision Plan of Green Pond Realty Trust and H.G.C. Realty Trust in Falmouth, Barnstable County, Massachusetts.” In December of 1984, Banks constructed a single-family home on Lot 56 and moved into the home after the issuance of a certificate of occupancy sometime on or after December 19th of 1984. When the certificate of occupancy had been issued, the driveway, which is the subject of this litigation had already been constructed. Since 1984, the Banks have maintained the driveway and lawn in the same location without interruption. Sometime in 2000, Clauson had a survey done on his Lot 55 in preparation for proceedings before the Conservation Commission, and at that time it was discovered that the lawn and a portion of the driveway which were used by the Banks since 1984 encroached upon the plaintiffs land. In August of 2006, Mr. Clauson came onto the Banks’ property and attempted to place a concrete post in their driveway at the location of the comer of Lot 55. During this confrontation Banks told Clauson that he and his wife owned the property and that they should not put the post in that location. In responding to the Motion for Summary Judgment, Alfred J. Clauson, the son of the late Harvey G. Clauson Plaintiff, filed an affidavit which stated that he had worked along with his father on various plans and proposals, including submittals to the multiple public hearings before both the Planning Board and Conservation Commission to subdivide Lot 55 that had been owned by his father. In his affidavit, he stated that he personally observed Banks in attendance at some of those meetings sometime around May of2002. The affidavit states that he along with his father and/or agents, routinely crossed the portion of the Banks’ driveway which encroaches on Lot 55 since 2000 in the course of developing the property, and more specifically did so on the following dates for the following purposes together with the following other people who were also present at their request: (A.) Site visit on 2/5/02 with Attorney Dan Creedon to prepare for Conservation Commission hearing; (B) Site visit on 4/12/02 to meet with Conservation Commission Agent Margaret Enslid, Robert Grey and Steve Pal-umbo to establish wetland boundaries and boundaries ofLot55; (C) Site visit on 9/11/02 with Attorney Dan Creedon and DEP representative Carlos Frigata pertaining to appeal to the Mass. DEP.
In his deposition filed in opposition to the Motion for Summary Judgment the decedent stated prior to November of 2006, that Mr. Clauson never did anything with respect to the driveway and lawn on Lot 55, by placing stakes, placing signs, doing any other action which would establish his claim to ownership.

DISCUSSION

Summary judgment shall be granted where there are no genuine issues as to any material fact and where the moving party is entitled to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. *610 Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, “and [further] that the moving party is entitled to judgment as a matter of law.” Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). A party moving for summary judgment who does not have the burden of proof at trial may demonstrate the absence of a triable issue either by submitting affirmative evidence that negates an essential element of the opponent’s case or “by demonstrating that proof of that element is unlikely to be forthcoming at trial.” Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991); accord, Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). “If the moving party establishes the absence of a triable issue, the party opposing the motion must respond and allege specific facts which would establish the existence of a genuine issue of material fact in order to defeat [the] motion.” Pederson, supra, 404 Mass. at 17. “(T]he opposing parly cannot rest on his or her pleadings and mere assertions of disputed facts to defeat the motion for summary judgment.” LaLonde v. Eissner, 405 Mass. 207, 209 (1989).
Title by adverse possession can be acquired only by proof of non-permissive use which is actual, open, notorious, exclusive and adverse for 20 years. Lawrence v. Concord, 439 Mass. 416, 421 (2003), quoting from Kendall v. Selvaggio, 413 Mass. 619, (1992). See G.L.c. 260, §21. “Acts of possession which are few, intermittent and equivocal are insufficient to constitute adverse possession.” Kendall v. Selvaggio, supra. The burden of proof in any adverse possession case rests on the claimant and extends to all of the necessary elements of such possession. See Holmes v. Johnson, 324 Mass. 450 (1949). If any of the elements remains unproven or left in doubt, the party claiming cannot prevail. See Mendonca v. City Service Oil Co., 354 Mass. 323 (1998). What the defendant must establish in moving for summary judgment is that they had actual, open, exclusive and non-permissive use of the driveway and lawn for a continuous period of 20 years. See Topman v. Malloy, 431 Mass. 143, 145 (2000). The law in this Commonwealth clearly establishes that the maintenance of driveways and of lawns is sufficient to give notice to the world of possession with a claim of right. Pugatch v. Stoloff, 41 Mass.App.Ct. 536 (1996).
From all of the facts and circumstances submitted to the court, the plaintiffs have failed to establish that their activily of going onto the lot from February 2002, up until September of 2002 for the purpose of preparing for a Conservation Commission hearing are such limited events so as not to disturb the open and exclusive use that the Banks had of the property since 1984. As described in Pugatch, the owner’s entry, with few exceptions, must be done openly on the land so as to give notice of the interruption. Notice to the adverse possessor of the result of a survey without more is insufficient to establish such an exercise of dominion over the disputed area as to interrupt the adverse possession. The plaintiffs claim of Banks’ attendance at Conservation Commission hearings is insufficient to establish an interruption in Banks’ continuous use of the properly so as to defeat his adverse claim.
For the reasons stated, judgment will enter on the counterclaim filed by the Banks declaring that they are the owners of the disputed property and entering a permanent injunction against the plaintiff and/or his agents from entering onto the disputed property. And judgment shall enter for the defendants on all counts of the plaintiffs verified complaint.