NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-1079

JOYCE MICHAELIDIS, trustee,[1]

vs.

HHC ONE ARNOLD, LLC.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Joyce Michaelidis, as trustee of 3 Dana Avenue Realty Trust, and HHC One Arnold, LLC, own adjacent properties in the Hyde Park neighborhood of Boston (Michaelidis property and HHC property, respectively).  In 2022, Michaelidis filed suit against HHC in the Land Court seeking declaratory judgment for adverse possession of a strip of land on the HHC property that abuts the Michaelidis property (disputed area).[2]  A Land Court judge conducted a jury-waived trial that included a view of the Michaelidis and HHC properties.  Michaelidis, her daughter, and

_____

[1] Of the 3 Dana Avenue Realty Trust.

[2] Pamela Van Cott, cotrustee of 3 Dana Ave Realty Trust, joined the initial suit in the Land Court.

an HHC property manager testified. At the conclusion of the trial, the judge found that Michaelidis did not sufficiently identify the disputed property or satisfy the elements of adverse possession with respect to any part of the disputed area within the HHC property and entered judgment in favor of HHC.[3] We affirm.

Discussion. The parties agreed to proceed at trial under Rule 14 of the Rules of the Land Court (2017).[4] Accordingly, they waived detailed findings of fact and rulings of law and agreed that appellate review would be based on the standard of review that "would apply to a verdict by a jury in a case tried to a jury and the judgment entered thereon." Rule 14 (a), (c) of the Rules of the Land Court. "We therefore review to determine whether anywhere in the evidence, from whatever source derived, any combination of circumstances could be found from which a reasonable inference could be drawn in favor of the [prevailing party]" (quotations and citation omitted). K & K Dev., Inc. v. Andrews, 103 Mass. App. Ct. 338, 344 (2023) (interpreting similar Rule 20 of the Rules of the Superior Court

_____

[3] The parties stipulated that the elements of adverse possession were met with respect to a garage extending partially onto HHC's property. That issue is not before us.

[4] There is no dispute that this was a Rule 14 trial, though the parties did not file a written stipulation as required by Rule 14 (c) of the Rules of the Land Court.

[2018]).  Under this standard of review, we will not set aside the judgment unless it "has no rational basis in the evidence." Brewster Wallcovering Co. v. Blue Mountain Wallcoverings, Inc., 68 Mass. App. Ct. 582, 595 (2007).[5]

"Title by adverse possession can be acquired only by proof of nonpermissive use which is actual, open, notorious, exclusive and adverse for twenty years." Kendall v. Selvaggio, 413 Mass. 619, 621-622 (1992), quoting Ryan v. Stavros, 348 Mass. 251, 262 (1964).  "The burden of proving adverse possession is on the person claiming title thereby and 'extends to all of the necessary elements of such possession.'" Lawrence v. Concord, 439 Mass. 416, 421 (2003), quoting Mendonca v. Cities Serv. Oil Co. of Pa., 354 Mass. 323, 326 (1968).  "Whether, in a particular case, these elements are sufficiently shown is essentially a question of fact." Brandao v. DoCanto, 80 Mass. App. Ct. 151, 156 (2011), quoting Kershaw v. Zecchini, 342 Mass. 318, 320 (1961).

---

[5] At the conclusion of the trial, the judge provided "an abbreviated version" of his reasoning to help the parties understand his verdict.  See Commonwealth v. Roberson, 103 Mass. App. Ct. 772, 777 (2024) (judge's brief remarks following jury-waived trial not comprehensive statement of facts found or legal rulings).  Even if our review of the findings included in the judge's summary was for clear error, see H1 Lincoln, Inc. v. South Washington St., LLC, 489 Mass. 1, 13 (2022), a standard more favorable to Michaelidis than the one we apply to cases tried under Rule 14, our conclusion would be the same.

Here, the judge determined that, even assuming Michaelidis had defined the disputed area sufficiently,[6] she did not demonstrate that her use of the area was actual, open, notorious, exclusive, or continuous for a period of at least twenty years. Michaelidis contends that each element of adverse possession of the disputed area was satisfied from 1984 to 2004 by evidence of (1) the placement of a hammock, swing set, and bird feeder; (2) landscaping activities; (3) her children playing; and (4) annual Greek Easter celebrations for which tables and chairs were placed in the disputed area.

1. <u>Actual, open, and notorious use</u>. Each of the uses Michaelidis described encroached minimally, if at all, onto the disputed area. The hammock, swing set, and bird feeder were located over the grass of the Michaelidis property.[7] During the annual Greek Easter celebrations or family parties, guests congregated on the side yard of the Michaelides property, not in the disputed area. To the extent a folding table was placed at

---

[6] The judge found that, as a preliminary matter, Michaelidis could not succeed with her claim because she failed to describe the disputed area with sufficient clarity. See <u>McHale</u> v. <u>Treworgy</u>, 325 Mass. 381, 385 (1950) (valid conveyance of land requires particular description of subject of conveyance). We need not decide this issue based on our review of the judge's finding that Michaelidis failed to meet her burden to prove each of the elements of adverse possession.

[7] It appears that one end of the hammock was attached to a tree that may have been in the disputed area.

4

the edge of the yard, no more than a third of it entered the disputed area. On this evidence, the judge had a rational basis to find that Michaelidis's activities in the disputed area were physically limited and thus fell short of actual, open, and notorious use. See Sea Pines Condominium III Ass'n v. Steffens, 61 Mass. App. Ct. 838, 847 (2004) (actual use requires changes upon land constituting control and dominion over premises like those associated with ownership); Lawrence, 439 Mass. at 421 (open and notorious use requires activity placing true owner on notice of hostile possession sufficient for opportunity to vindicate rights by legal action).

2. Exclusivity. Michaelidis contends that unrefuted evidence showed her exclusive use of the disputed area between 1984 and 2004. She asserts that her family maintained and cultivated the land by mowing it. However, in the 1980s and 1990s, the disputed area consisted of trees, bushes, and brush that was separated from the Michaelidis property by a strip of dirt. The judge did not credit testimony that the "area under the trees" was mowed on a regular basis. Therefore, any mowing activity would not have supported a finding of adverse possession. Michaelidis acknowledges that she never installed fencing or other physical structures in the disputed area. When she purchased her property in 1984, a chain-link fence ran the length of the disputed area. The fence created a barrier

between the properties and was sturdy enough to stop soccer balls from escaping the Michaelidis property.  There was evidence that between 1994 and 1995, someone other than Michaelidis removed the fence.  This was sufficient for the judge to conclude Michaelidis did not have exclusive possession of the disputed area.  See Brandao, 80 Mass. App. Ct. at 157 (adverse possession requires use excluding not only record owner but all third persons to extent owner would have excluded them).

3.  Continuity.  Michaelidis's own use of the disputed area lacked evidence of continuity.  The bird feeder hung over the disputed property for an unspecified period; the hammock was removable and there was no evidence how long or consistently it was in place; and any yard work done by Michaelidis or her family varied in frequency and intensity.  The Greek Easter celebrations were annual and thus constituted a sporadic rather than continuous use.  See McLaughlin v. Marblehead, 68 Mass. App. Ct. 490, 501-502 (2007).  In sum, there was ample evidence from which the judge could rationally conclude that Michaelidis

6

failed to prove continuous use of the disputed area for a period of twenty years.[8]

Judgment affirmed.

By the Court (Henry, Hand &
 Brennan, JJ.[9]),

Clerk

Entered:  October 14, 2025.

---

[8] HHC requests attorney's fees incurred in defending this appeal.  That request is denied.  While Michaelidis has not prevailed on the main issue of adverse possession, her appeal was not frivolous.

[9] The panelists are listed in order of seniority.