SAMUEL PARKER & another *vs.* AIKEN PARKER.

Evidence of occupation of wild, uninclosed land, by cutting firewood and bushes and trimming the trees thereon, and, in one instance within twenty years, by cutting off the entire growth of wood upon the land and leaving it to grow over again, is insufficient to establish a title by possession, although such acts are within the knowledge of the owner.

Two persons in joint possession and claiming to be joint owners of wood, cut upon land which was originally owned by one of them alone, may maintain a joint action against a wrongdoer for its conversion, although no deed of conveyance of the land from the original owner to the other is proved.

TORT for the conversion of wood cut upon land to which the defendant asserted title by possession, acquired by his late father,

21 *

Jonathan Parker, and himself. It was proved at the trial in the superior court that the land in controversy was a wet swamp which could not be passed over by teams, and that it had never been used by either party except for the growing of wood. The defendant's evidence tended to show that Jonathan Parker, under a claim of title, occupied it as a part of his homestead for a period of more than twenty years, some time before 1857, doing all those acts of possession during that time which good husbandry and economy required ; that his homestead joined the land in controversy, and consisted of tillage land and a small wood-lot; that his twenty years of occupancy were in succession ; that he, during that time, among other acts of possession, cut his firewood, cut the bushes, and trimmed up the trees upon it, and that he once cut off the entire growth of wood thereon, leaving it to grow over to wood again ; and that his occupancy and acts of possession were within the knowledge of and without any objection from the plaintiffs, or those under whom they claim.

*Rockwell*, J., instructed the jury that this evidence of occupation was not sufficient to show that the defendant had acquired a title to the land in controversy by possession, either by his said father or himself, if the jury were satisfied that the land was wild, uninclosed land.

The only title of Peabody, one of the plaintiffs, to the land in question was by a deed from the other plaintiff, Parker, which was not produced at the trial; and the defendant asked the court to instruct the jury that the plaintiff Peabody could not main tain this action by any title to the land in controversy, which the plaintiff Parker had acquired at the time said wood was cut. But the court declined to give this instruction.

The jury found for the plaintiffs, and the defendant alleged exceptions.

*J. C. Kimball*, for the defendant.

*W. S. Gardner*, for the plaintiffs, was stopped by the court.

HOAR, J. The court left it to the jury to find whether the land in controversy was " wild, uninclosed land," upon all the evidence in the case; and instructed them that, if they found it

to be such, the evidence of occupation was not sufficient to show a title by possession. We think this instruction was correct, and well supported by the authorities. There is a fallacy in the defendant's claim that his assumed possession, " doing all those acts upon the land which good husbandry requires," would give him a title. Good husbandry required very little to be done, in a period of twenty years, upon land devoted to the growth of wood, and left wild and uninclosed. The acts of possession were few, intermittent and equivocal. To constitute a title by possession, the possession must be adverse, exclusive and continuous during that period. In the intervals óf adverse enjoyment, the possession is regarded by the law as following the title. The case of *Slater* v. *Jepherson,* 6 Cush. 129 is decisive, and was a stronger case than the one at bar.

On the second point taken by the defendant, we can see no just ground of exception. He asked the court to instruct the jury " that the plaintiff Peabody could not maintain the action by any title to the land in controversy, which the plaintiff Parker had acquired at the time the wood was cut." The action was tort for the conversion of wood cut upon land to which the defendant asserted title, and which the plaintiff Parker claimed that he owned originally, and had conveyed an interest in to Peabody, by a deed which was not produced. But if Parker's original title were valid, and the defendant proved no title, then the defendant was a wrongdoer. And if Peabody and Parker were jointly in possession of the wood at the time the defendant took it, Peabody claiming to own a part of it, and Parker acknowledging his right, they could maintain an action against a wrongdoer without showing a valid conveyance of the land by deed from Parker to Peabody. *Exceptions overruled.*