WILLIAM L. ABBOTT & another *vs.* ALEXANDER MARS & another.

Worcester.    September 23, 1931. — October 5, 1931.

Present: RUGG, C.J., CROSBY, WAIT, & SANDERSON, JJ.

*Deed,* By administrator. *Executor and Administrator. Prescription. Way,* Private.

A deed of land by an administrator must be taken to have been given under license of a probate court duly issued, in the absence of anything to indicate that it was not so given.

A deed of land by an administrator under license of a probate court creates privity of estate between the grantee and his predecessors in title to the land and enables the grantee to tack their adverse use of a way over other land to adverse use thereof by him.

In a suit in equity to enjoin interference with a right of way alleged to have been acquired by the plaintiff over the defendant's land by adverse use, uses of the way by third persons for purposes primarily beneficial and appurtenant to the plaintiff's estate may be taken into consideration in deciding whether a way by adverse use has been acquired.

In such a suit in equity, it appeared that the plaintiff had acquired the right of way through adverse use by himself and his predecessors in title for more than twenty years in substantially the same manner, by vehicle and by foot, for a variety of purposes required by the plaintiff's estate, which had remained substantially the same. *Held,* that a final decree, establishing the right of way "for the use of" the plaintiff, his "heirs and assigns, lessees and invitees, for all purposes which may be reasonably required for the use of . . . [his] estate while substantially in the same condition as it has been for the past twenty years," was proper.

BILL IN EQUITY, filed in the Superior Court on September 29, 1930, and afterwards amended, described in the opinion.

The suit was referred to a master. He found that, on November 2, 1910, the administrator of the estate of one Norcross conveyed the premises later owned by the plaintiffs to one Getchell; that, on July 8, 1911, Getchell conveyed the premises to the plaintiff William L. Abbott; and that in 1930 conveyances were made to transfer title thereto to the plaintiffs as tenants by the entirety. Other material findings are stated in the opinion.

By order of *Whiting,* J., there were entered an interlocu-

tory decree confirming the master's report and supplemental report; and a final decree adjudging that a "right of way across the premises of the defendant, . . . be, and hereby is established for the use of the plaintiffs, their heirs and assigns, lessees and invitees, for all purposes which may be reasonably required for the use of their estate while substantially in the same condition as it has been for the past twenty years . . . ."; and granting relief by way of injunction and damages. The defendants appealed from the final decree.

*W. L. Macintosh,* for the defendants.

*K. A. Campbell, Jr.,* for the plaintiffs.

SANDERSON, J. This is a bill in equity filed on September 29, 1930, to enjoin the defendants from interfering with a right of way alleged to have been acquired by adverse use for more than twenty years, and for the assessment of damages. The case was referred to a master, and upon the facts found by him a final decree was entered establishing a right of way across the land of the defendants, enjoining the defendants from interfering therewith, and awarding damages.

Upon the findings of the master the plaintiffs' use of the way had been open, uninterrupted and adverse for a period of at least twenty years with the acquiescence of the defendants and their predecessors in title. The principal contention of the defendants is that in the plaintiffs' chain of title is an administrator's deed dated November 2, 1910, and that, because there is no privity between an administrator and his intestate at common law, the adverse possession of the previous owners cannot be taken advantage of by the plaintiffs. In support of the defendants' contention they rely upon *Bullen* v. *Arnold,* 31 Maine, 583, *East Tennessee Iron & Coal Co.* v. *Ferguson's Heirs,* 35 S. W. Rep. (Tenn.) 900, and *Vance's Heirs* v. *Fisher,* 10 Humph. 211. These cases seem to be based upon the common law rule that an administrator has no right of control over the real estate of his intestate and that any authority which he assumes to exercise as administrator constitutes a usurpation. But in our opinion

these decisions are inapplicable to this case because of the statutory provisions in this Commonwealth which give an administrator the right under license of the Probate Court to sell the real estate of his intestate to pay debts and other charges, and to convey all rights and interests in land which would descend to the heirs of the deceased or would have been liable to attachment or execution by a creditor of the deceased in his lifetime. R. L. c. 146, §§ 1, 2. G. L. c. 202, §§ 1, 2. See G. L. c. 206, § 8. The reference in the master's report to the administrator's deed "which conveyed the premises together with privileges and appurtenances" is sufficient to show that the deed in question was given under license of the Probate Court duly issued, in the absence of anything to indicate that it was not so given. In our opinion, where such an administrator's deed is given the statute creates in its legal effect a privity of estate between the grantee and his predecessors in title. *Peele* v. *Chever,* 8 Allen, 89.

Uses of the way by third persons for purposes primarily beneficial and appurtenant to the dominant estate may be taken into consideration in deciding whether an easement by adverse use has been acquired. *Bucella* v. *Agrippino,* 257 Mass. 483. The trial judge ruled that the use made of the alleged right of way by individual third persons going to the plaintiffs' house cannot inure to the benefit of the plaintiffs. The master's report shows that the way in question has been used for over forty years in substantially the same manner, by vehicles and by travel on foot, for a variety of purposes required by the dominant estate; and that the estate has remained substantially the same. The trial judge was right in deciding that a right to use the way for all purposes reasonably required for the use of the dominant estate, with the qualifications stated in the decree, had been acquired. *Parks* v. *Bishop,* 120 Mass. 340, 341. *Baldwin* v. *Boston & Maine Railroad,* 181 Mass. 166, 168.

We find no error in the rulings or in the terms of the decree in so far as objections thereto have been brought to our attention in the defendants' brief.

*Decree affirmed with costs.*