Hillsborough, } No. 4089.
Feb. 5, 1952.

ANNIE ALUKONIS *v.* ARTHUR J. KASHULINES *& a.*

*Morris D. Stein* (by brief and orally), for the plaintiff.

*Hamblett, Griffith & Moran* (*Mr. Griffith* orally), for the defendants.

LAMPRON, J. Plaintiff's chain of record title in which none of the deeds includes the two rod strip is as follows: Marsh to Smith, May 21, 1898; Smith to Cerier, May 16, 1927; Cerier to Albert and Mary Kopitsko, June 25, 1927; Albert Kopitsko to Mary Kopitsko,

August 19, 1932; Albert Kopitsko as administrator of Mary Kopitsko Estate to A. A. Degasis, license deed, November 17, 1942; A. A. Degasis to Albert Kopitsko, December 3, 1942; Albert Kopitsko to plaintiff, August 4, 1945.

There was evidence that the occupants of plaintiff's premises had used the two rod strip for the last forty years, sometimes to cut hay, sometimes for a garden, sometimes to grow oats and other crops. Also that it did not look any different from the rest of the plaintiff's premises and that there were bounds on the southerly line of the strip and a fence two-thirds of the way along this line until defendants fenced in the two rod strip in October, 1946.

It could be found from the evidence that Smith occupied plaintiff's premises at least in 1911 and that she or someone living with her used the strip thereafter until she moved out on the day the Kopitskos moved in after purchasing the property from Cerier. Further that the Kopitskos occupied the premises and used the two rod strip until the plaintiff moved in after purchasing the property from Albert Kopitsko. Also that the plaintiff used the strip until the day it was fenced in by the defendants at which time plaintiff had a vegetable garden therein.

The evidence further disclosed that in June, 1927, when Cerier, who had purchased the property from Smith about six weeks previously and while it was still occupied by the latter, sold to the Kopitskos he showed the bounds on the southerly line of the two rod strip as being the southern boundary of the premises conveyed and the same was done by Kopitsko on his sale to the plaintiff.

During all this period the defendants and their predecessor in title Marsh occupied the premises adjoining this two rod strip on the south and had record title to the strip.

In our opinion the jury could find on that evidence twenty years' adverse, continuous, uninterrupted use of the two rod strip in question in such a manner as to give notice to the record owner that an adverse claim was being made to it. *Alukonis* v. *Kashulines*, 96 N. H. 107, 108; *Gowen* v. *Swain*, 90 N. H. 383, 385; *Jean* v. *Arsenault*, 85 N. H. 72, 73; *Weeks* v. *Morin*, 85 N. H. 9, 12.

It is true that no one owner so occupied it for the required period. However as pointed out previously its actual possession during the required time passed uninterruptedly from Smith to the Kopitskos to the plaintiff. In addition Cerier six weeks after purchasing the property from Smith who had so occupied the strip since at least 1911 and while the latter was still in possession, showed to the

Kopitskos as the southerly bound of the premises which he was conveying to them the monuments which included this strip and Kopitsko did the same when he conveyed to the plaintiff. In our opinion those facts demonstrate a sufficient intent or understanding by all these predecessors in plaintiff's title to transfer this strip, which, coupled with actual possession for a period in excess of twenty years, creates such a privity between the parties as to permit the tacking of their respective possessions. *Alukonis* v. *Kashulines, supra,* 109; *Hoban* v. *Bucklin,* 88 N. H. 73, 85. See *Norling* v. *Bailey,* 98 N. E. (2d) 513.

The fact that upon the death of Mary Kopitsko there was a transfer from Albert Kopitsko as administrator of her estate to A. A. Degasis and by the latter back to Albert within a few weeks, Albert all the while being in actual possession of the premises, did not in and of itself destroy the required privity between the different occupants. *Abbott* v. *Mars,* 277 Mass. 122; *Stalcup* v. *Lingle,* 76 Ind. App. 242.

The evidence by defendants' witness, Spaulding, of a survey of the Marsh property in 1933 was not sufficient to establish as a matter of law such an exercise of dominion over the strip by its record owner as to interrupt the continuity of the adverse possession of plaintiff and her predecessors in title.

Defendants' various motions were therefore properly denied and the order must be

*Exceptions overruled.*

All concurred.