Muse, Christopher J., A.J.

INTRODUCTION

Plaintiff, Andrew J. Sipas, (“Plaintiff’ or “Sipas”) brings this claim against defendants William Szafarowicz and Cynthia R. Dahlke (“Szafarowicz” or the “Defendants”), claiming that they are committing trespass on land which Sipas is the owner of record. The Defendants have denied the allegation of trespass, asserting by counterclaim that they have acquired ownership by adverse possession. Both parties seek declaratory judgment on this issue. After trial, the parties submitted proposed findings of fact which the court has considered. To the extent they are not found by the court, they are deemed denied.

FINDINGS OF FACT

Based on the evidence presented, the reasonable inferences therefrom, and the parties’ stipulation of facts, the court finds as follows:
1. The Plaintiff, Andrew J., Sipas (“Sipas”), is an individual with a residence of 8 Charlesdale Road, Medfield, Norfolk County, Massachusetts.
2. The Defendants, William Szafarowicz and Cynthia R. Dahlke, are individuals with a residence of 431 Miller Street, Ludlow, Hampden County, Massachusetts.
3. Sipas is the owner of the Property located at 37 Elliot Drive, in Dennis, Barnstable County, Massachusetts, shown as Lot 21 on Plan, recorded in Barnstable County Registry of Deeds in Plan Book 119, Page 49, containing 8,000 sq. ft. of land according to said Plan.
4. Sipas acquired Lot 21 from his father, Joseph Sipas, by deed dated April 5, 1996 and recorded with the Barnstable County Registry of Deeds, Book 10139, Page 24.
5. Joseph Sipas acquired Lot 21 in 1962 by deed recorded in Barnstable County Registry of Deeds Book 1160, Page 53.
6. Sipas is also the owner of a certain parcel of land in Dennis, Barnstable County, Massachusetts, shown on the Town of Dennis Assessors Map No. 51 as Parcel 42, containing 3,246 +/- square feet, and also shown as Lot 23C on the plan entitled “Plan of Land in West Dennis, Massachusetts, as prepared for Joseph Sipas, September 8, 1998, Scale: 1" = 30’, Paul E. Sweetser, Professional Land Surveyor, P.O. Box 565, East Harwich, MA 02645, (508) 432-6539,” which Plan was signed by the Planning Board on September 11,2000 (the “Plan”). The Plan is recorded with Barnstable County Registry of Deeds in Plan Book 560, Page 21.
7. Sipas acquired Lot 23C from John P. Fellows, III and Susan E. Fellows, by deed dated September 28, 2000, recorded with Barnstable County Registry of Deeds in Book 13299, Page 340.
8. Szafarowicz is the owner of a certain parcel of land known as 41 Trotters Lane, Dennis, Barnsta *709 ble County, Massachusetts, shown on the Town of Dennis Assessors Map No. 51 as Parcel 18 and by deed recorded with Barnstable County Registry District of the Land Court as Document No. 405,023, and shown as Lot 15 on L and Court Plan No. 11678-B containing 6,400 square feet of land according to said Plan (“Lot 15”).
9. Szafarowicz acquired Lot 15 on August 11, 1986, from Ronald E. Breault and Ernelie Breault (the “Breaults”).
10. The Breaults acquired Lot 15 on May 16, 1981.
11. Lot 23C lies between the rear of the Plaintiffs Lot 21 and the Defendants’ Lot 15.
12. At all times relevant hereto, a fence existed along the rear boundary of Lot 21, separating Lot 21 from Lot 23C.
13. The fence between Lot 21 and Lot 23C was owned and constructed by Joseph Sipas during the period when the Breaults owned Lot 15.
14. Parts of Lot 15 and Lot 23C contain a so-called “paper street” known as “Old East Road” and such portion is subject to the rights of access to use Old East Road.
15. Lot 23C was created by the Plan, which was an “Approval Not Required Subdivision Plan."
16. Prior to the recording of the Plan, Lot 23C was part of Lot 23A, which Lot 23A was acquired by John P. Fellows III (“Fellows”) from Frank N. Gigliotti, by deed dated April 21, 1972 and recorded at the Barnstable County Registry of Deeds Book 1636, Page 244.
17. At or about the time that he acquired Lot 23A from Gigliotti, Fellows walked Lot 23A with Gigliotti and noticed that the house located on Lot 15 was “close to” the lot line with Lot 23A, but no portion of any structure on Lot 15 was encroaching over the lot line onto Lot 23A.
18. Sometime in the fall of 1981, Fellows, while walking on Lot 23A, noticed that a small “deck” attached to the house on Lot 15 was encroaching onto Lot 23A. The encroachment of the deck onto Lot 23A from Lot 15 consisted of an area approximately one (1) foot over the property line by approximately four (4) feet wide. This was the only impairment of Fellows’s property rights at that time.
19. The Breaults believed that Lot 15 included all of the land constituting Lot 23C and that they, the Breaults, owned all of the land “up to the fence" constituting the rear boundary line of Lot 21. The Breaults were also aware of the existence of a “right of way” (Old East Road) across the rear of their Lot 15.
20. The Breaults would not have used the area of Lot 23C if they had been told they did not own such land.
21. The Breaults’ house located on Lot 15 was not winterized and not used in the winter.
22. After the Breaults acquired Lot 15 in May 1981, they only used the property on weekends from late spring to early fall and for “a week to two weeks” in the summer.
23. In 1982, the Breaults used Lot 15 on weekends in late spring and early fall. The Breaults rented the house for the full months of July and August in 1982.
24. In 1982, the Breaults hired a landscaper to mow the lawn.
25. During the period from 1981 to 1983, the Breaults planted “four or five” bushes or shrubs “toward the fence” located on Lot 23C.
26. While Breault claimed to have used the disputed property for cookouts, infrequent and temporary pitching of tents, and mowing the lawn, Breault did not establish on which portions, if any, of Lot 23C the family conducted such activities.
27. Neither the Breaults or Szafarowicz ever paid taxes on Lot 23C.
28. On August 8, 1983, the Breaults obtained a building permit to construct a deck attached to the rear of their house on Lot 15.
29. The Breaults built the deck themselves in the fall of 1983.
30. The Deck encroaches onto Lot 23C over an area with the approximate dimensions of 12.1 feet, by 7.8 feet, by 19.5 feet, containing approximately 149 square feet.
31. The Deck is constructed across the right of way of Old East Road.
32. The Deck was constructed across Lot 23C without the permission of the owner(s) of Lot 23C.
33. Sipas has paid the real estate taxes on Lot 23C since acquiring the title on October 16, 2000.
34. Sipas lived at the house owned by his father on Lot 21 from May through August, during the years 1981 through 1986. Sipas often played with the Breaults’ children on Lot 15.
35. Although approximately thirteen years old at the time, Sipas was competent to observe the Breaults’ activities on Lot 23 C from 1981 through 1983 and he is presently able to accurately recall those observations.
36. During the period from 1981 through 1983, Andrew Sipas did not see any activity which the Breaults claim to have conducted occur on Lot 23C, nor any evidence of such activities.
37. John Fellows did not see any activity which the Breaults claim to have conducted on Lot 23C, nor any evidence of such activities, during the period from 1981 through 1983, although Fellows was not often in a position to see such activities.
*710 38. Szafarowicz planted shrubs and bushes and maintained some of the lawn from 1986 through the present.
39. Sipas acquired title to Lot 23C on October 16, 2000. After acquiring title, the following events took place: In the summer of 2001, he cleared brush on Lot 23C near the fence which separates Lots 23C and 21. In late fall 2001, he cleared an extensive amount of brush, raked leaves, trimmed and cut down trees, and staked the corners of the boundary between Lots 23C and 15 while also running a string between the stakes to indicate the property boundaries.
40. In late March or early April 2002, Szafarowicz noticed the two stakes; he removed the stakes and string.
41. In the Summer of 2002, Sipas and Szafarowicz had a conversation “over the fence” between Lots 21 and 23C wherein Sipas informed Szafarowicz that Sipas owned Lot 23C, which Szafarowicz disputed.
42. In June of2003, the Plaintiff demanded that the Defendants remove that portion of their Deck which encroached upon Lot 23C.
43. The Defendants have failed to remove the encroaching portion of the Deck from Lot 23C.

RULINGS OF LAW

Title to land is acquired by adverse possession through: (1) the possession of land in a manner that is (2) open and notorious; (3) exclusive; (4) adverse to the owner’s interest (that is, without permission); and (5) continuous for twenty years. See, e.g., G.L.c. 260, §21; Kendall v. Selvaggio, 413 Mass. 619, 624 (1992); Ryan v. Stavros, 348 Mass. 251 (1964); Holmes v. Johnson, 324 Mass. 450 (1949); Cook v. Babcock, 65 Mass. 206 (1853). “Acts of possession which are ‘few, intermittent, and equivocal’ do not constitute adverse possession.” Kendall, 413 Mass. at 624, quoting from Parker v. Parker, 83 Mass. 245, 247 (1861). In order to succeed in a claim for adverse possession, the claimant must have exercised “such a control and dominion over the premises as to be readily considered acts similar to those which are usually and ordinarily associated with ownership.” LaChance v. First Nat’l Bank & Trust Co., 301 Mass. 488, 491 (1938). “[Attention should be centered on the [claimant’s] activities on the land, in distinction to his belief or state of mind about the matter.” Peck v. Bigelow, 34 Mass.App.Ct. 551, 552 (1993). The statutorily-required adverse possession period of twenty years may be achieved by tacking on a predecessor-in-title’s period of adverse possession, provided there is privily of estate between the adverse possessors. See G.L.c. 260, §22; Abbott v. Mars, 277 Mass. 122, 124 (1931).
The Defendants argue that their usage of Lot 23C meets the necessary elements of adverse possession and did so for more than twenty years.[1] In support, Szafarowicz points to Labounty v. Vickers, 352 Mass. 337 (1967), which provides at 349, that “[a]cts of enclosure or cultivation are evidence of exclusive possession,” claiming that shrubs, plants, and lawn maintenance constitute “cultivation” under Labounty.
Szafarowicz also relies on Lebel v. Nelson, 29 Mass.App.Ct. 300, 302 (1990), for the proposition that seasonal use of a disputed parcel may be enough to establish the necessary exercise of control and dominion over it, and this “seasonal” determination is met by the examination, inter alia, of “. . . the purposes for which it is adapted, and the uses to which it has been put,” i.e., a summer cottage. LaChance v. First Nat’l Bank & Trust Co., 301 Mass. 488, 490 (1939).
Sipas claims that the activity that occurred on the disputed parcel by the Breaults between 1981 and 1983 did not rise to the necessary level of exercise of control and dominion to support an adverse possession claim.[2] That is, Szafarowicz has not established “actual” use of the land. The Court agrees.
In Peck v. Bigelow, 34 Mass.App.Ct. 551, 553 (1993), the Appeals Court held that an adj oining landowner failed to show “actual” use where the adjoining landowner had mowed the lawn, set up clotheslines, installed a sandbox, planted trees, had a compost pile and lumber pile, from time to time cut down and removed dead trees, built a henhouse, held family picnics, regularly pruned dead branches, and raked leaves on the disputed parcel. Here, as in Peck, there were no permanent improvements in the lot, no significant changes to the land itself, no use of the land as a parking area, and the adverse possessor was not paying taxes on the lot. Id. at 556.
Furthermore, the Breaults’ use during the time period (between late 1981 and August 1983) was insufficient to satisfy the requirement that the use be more than casual and occasional, McDonough v. Everett, 237 Mass. 378 (1921), and was not sufficient to satisfy the “notorious” and “open” requirements of adverse possession so that the owner would have notice (or implied notice) that the adverse possessor had taken possession. Boston Seaman’s Friend Soc., Inc. v. Rifkin Management, Inc., 19 Mass.App.Ct. 248 (1985).
The court is not persuaded that the Breaults used Lot 23C on any regular basis, if at all, between 1981 and 1983. Although the Breaults’ use was seasonal, which would not defeat an adverse possession claim alone, it was also infrequent and occasional. The court credits the testimony of Sipas that he never saw any activity on Lot 23C by the Breaults, which calls into doubt where, or if, the cookouts and pitching of tents ever occurred.
The facts in this case are distinguishable from Lebel In that case, the adverse possessor’s conduct on the disputed parcel consisted of many more permanent activities, although some of those were seasonal in nature.[3] Likewise, Labounty is *711 distinguishable as that case dealt only with the “exclusive” requirement of adverse possession, not the “actual,” “open,” or “notorious” requirements that are at issue here.
The parties disagree when the statute of limitations for adverse possession was tolled and hence, the court has found several benchmarks. It is undisputed, and the court finds, that in the summer of 2002 the discussion over the fence between the Plaintiff and the Defendants is an act that tolled the statute of limitations. Additionally, the court finds that in late fall 2001, when Sipas cleared brush and put stakes and string around the boundaries of Lot 23C, the statute of limitations was tolled.[4] See Mendonca v. Cities Serv. Oil Co. of Pennsylvania, 354 Mass. 323 (1968) (holding that the statute of limitations was tolled when owner removed fences on the parcel and used it for three or four weeks for the storage of building materials and equipment during renovation work to the buildings on his lot). Lastly, any dispute as to the tolling of the statute is moot.[5] Szafarowicz has failed to establish that the Breaults, from their acquisition of the properly in 1981 through 1983, fulfilled the “actual”, “open” or “notorious” requirements of adverse possession.[6]

ORDER

Based on the foregoing, the court finds and declares that the defendants did not acquire title to the lot in dispute by adverse possession, and that their use of lot 23C is contrary to the rights of the plaintiff and constitutes trespass. The defendants are ordered to remove the deck previously described, and to cease trespass upon the property of the plaintiff. Unless otherwise agreed by the parties, said deck shall be removed within sixty days of this order. Judgment shall enter on behalf of the plaintiff Andrew J. Sipas, and against the defendants and plaintiffs-in-counterclaim William Szafarowicz and Cynthia R. Dahlke.

The parties agree that “tacking” of Szafarowicz’s possession with that of the previous owner, is appropriate.

The construction of the larger deck did not begin until fall of 1983. If 1983 was used as the starting point for the adverse possession period, it would total just under nineteen years of adverse possession at a maximum (ending in summer 2002). Therefore, it is necessary to examine the Breaults’ activity on the disputed parcel. Sipas concedes that if the existence of the smaller deck was proven, Szafarowicz is entitled to a 1’ x 4’ strip of Lot 23C, since that small deck existed for greater than twenty years.

In Lebel, the conduct of the adverse possessor consisted of: (1) clearing brush on the disputed area; (2) maintaining a lawn and compost pile; (3) storing boats and boating equipment; (4) parking cars; (5) constructing and maintaining a wooden sea wall; (6) constructing horseshoe courts which were used for more than ten years; (7) constructing a swing and slide which were used for more than ten years; (8) constructing a duck house which was used for more than thirty years; (9) holding family picnics for more than twenty years.

The court finds Sipas’s testimony to be credible and his acts consistent with what a new landowner would do upon acquiring title.

The fact that Sipas cleared some brush in the summer of 2001 was not sufficient to toll the statute of limitations as it was probably not enough to put Szafarowicz on notice that Sipas was the true owner of that property, just as the limited lawn maintenance and planting of some shrubs was not enough to put Sipas on notice that the Breaults were claiming ownership of the parcel.

Crediting Szafarowicz’s testimony, the court is persuaded that the larger deck, combined with the lawn maintenance of the small area between the deck and fence was enough to trigger adverse possession from 1986 until the tolling of the statute of limitations.